EDGAR v. THE STATE.

1. LIQUOR: *Selling to minor under mistake of his age.*
It is no excuse or justification to one who sells liquor to a minor without the written consent of his parent or guardian, that both he and the minor believe at the time that the latter is of age. He sells at his peril.

2. SAME: *Selling to minor, onus as to parent's consent.*
The state need not prove that a sale of liquor to a minor was without the written consent of the parent or guardian. The burthen of proving such consent is upon the seller.

3. SAME: *Same. Evidence of minor's age.*
In a prosecution for selling liquor to a minor, the minor may testify of his age from an entry of his birth in the family Bible without producing it, or from any other source of information.

Edgar v. The State.

· 4.   SAME.   *Instruction that whisky is intoxicating.   Judicial notice.*
   An instruction in a prosecution for selling whisky to a minor, that
   whisky is an intoxicating liquor, without proof of it, is not objec-
   tionable.   It is a fact of common intelligence and needs no proof.

APPEAL from *Craighead* Circuit Court.
Hon. L. L. MACK, Circuit Judge.

### STATEMENT.

James T. Edgar was indicted and tried in the Craighead
Circuit Court at the March term, 1881, for selling liquor to
a minor without the written consent of his parents or guar-
dian.

J. T. Reynolds, the minor, testified upon the trial that
Edgar sold him a half pint of whisky on the thirteenth day
of August, 1880, at his saloon in Craighead County.   Wit-
ness was not 21 years of age until the twenty-sixth day of
August, 1880.   Edgar refused to sell him the whisky until
witness told him he was of age on the sixth of August, 1880,
which he really believed to be true, until he afterward re-
ferred to the register of births in the family Bible, and
found that his birth day was the twenty-sixth instead of the
sixth of August.

The defendant objected to the admission of the evidence
in reference to the family Bible, but his objections were
overruled and he excepted.

The court instructed the jury, among other things, that
"whisky is an intoxicating liquor," to which the defendant
excepted.   He was found guilty, and after motion for new
trial overruled, filed his bill of exceptions and appealed.

*W. H. Cate and U. M. Rose*, for appellant.

The evidence of the prosecuting witness was insufficient
to sustain the verdict.   *Bishop on Stat. Crimes, sec.* 1021;

*State* v. *Kalb*, 14 *Ind*., 403 ; *Rincuran* v. *State*, 24 *Id*., 80 ;
*Ib*.. 85 ; *Brown* v. *State Id*. 113.

It was not shown that the person who made the entries
in the family Bible was dead at the time of trial ; conse-
quently the Bible itself would not have been admissible in
evidence. *Greenleaf* v. *R. R. Co.* 30 *Iowa*, 301.

The testimony as to what the Bible contained, was secon-
dary, and wholly inadmissible, unless it was shown that the
original was lost or destroyed. *Ryerson* v. *Grover*, 1 *Cox
N. J. L.* 448 ; *Greenleaf* v. *R. R. Co.* 30 *Iowa* 301. *Cur-
tis* v. *Patton* 6 *Serg. and R.* 135 ; *Blackburn* v. *Crawford*,
3 *Wall*. 175.

The State should have shown that Reynolds had no order
from his parent or guardian ; it was a necessary part of the
offense, and whether Reynolds had a written permission or
not, was peculiarly within his own knowledge, and if he
had, it was under his control, and he should have shown it.
*State* v. *Evans*, 5 *Jones*, (*N. C.*) *L.* 250.

In all cases on this subject heretofore decided in this
Court, the State has duly proved that no written order had
been given. *Cloud* v. *State, Ark. Hale* v. *State,* 36 *Ark.* 150.

The term "ardent, vinous, malt and fermented liquors"
being descriptive, must be proved as laid in the indictment,
and the whisky sold, should have been proved to have been
ardent, vinous, malt and fermented. For where one sub-
stantive offence is charged with different descriptions, it
must be proved to possess each quality named. 1 *Green-
leaf, sec's* 64 *and* 67. Descriptive allegations must be
proved as laid. 1 *Bishop, Crim. Pro., sec's* 486 *to* 488 ;
*Commonwealth* v. *Simon,* 4 *Gray*, 18.

*C. B. Moore*, Attorney-General, for appellee :

The evidence of witness, being uncontradicted, was suffi-
cient, the jury being the judges of the evidence.

It is not *the minor* who is to have the written consent,

but it is the whisky seller who is *forbidden to sell* without it, and it was the seller's duty to prove such consent. Appellant sold to the minor at his peril. *Redman* v. *State*, 36 *Ark.*, 58.

The State made a *prima facie* case, and as there was no rebutting evidence this was sufficient. *Hale* v. *State*; 36 *Ark.*, 150.

"Whisky is intoxicating" (most courts know this *judicially*), and the evidence that the defendant sold a pint of whisky sufficiently sustains the indictment.

1. LIQUOR: Selling to minor under mistake of his age.

HARRISON, J. It was no justification or excuse for the defendant that when he sold the liquor, both he and the minor believed that the latter was of age. He sold it at his peril. *Redmond* v. *The State*, 36 *Ark.*, 58; *Crampton* v. *The State, ante.*

2. *Onus* as to parents' consent.

It was not necessary for the State to prove that the sale was not by the written consent of the parents or guardian of the minor; the burden of proving such consent was on the defendant. If given, the proof of it was peculiarly within his power.

Greenleaf says: "When the subject matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by that party. Such is the case in civil or criminal prosecutions for a penalty for doing an act which the Statutes do not permit to be done by any person, except those who are duly licensed therefor, as for selling liquors, exercising a trade or profession, and the like. Here the party, if licensed, can immediately show it, without the least inconvenience; whereas, if proof of the negative were required, the inconvenience would be very great." 1 *Green. Ev.*, sec. 79. And Bishop in his work on statutory crimes, says: * * * *

Edgar v. The State.

"If the law forbids the mass of the community to sell intoxicating liquors, but grants license to some particular individuals to sell it, then if some one person is indicted for making an unlicensed sale, the presumption that what is common in general belongs likewise to the particular stands as *prima facie* proof, and the defendant, if he has a license, must show it. This conclusion of legal reasoning is aided by the further consideration, that since the averment is a mere negative one, and, if it is not true, the defendant has in his own possession the evidence to show the truth, the orderly and convenient administration of justice is promoted, while no harm is done to the individual, by casting the burden on him." And he further remarks: "The question relates, not only to the want of a license from the public author ities, but the want also of the consent of parents, guardians and the like." *Bish. Stat. Crimes,* secs. 1051, 1052; 1 *Wharton Ev.,* sec. 368; *Roscoes Crim. Ev.,* 79; *Hopper* v. *The State,* 19 *Ark.,* 143; *Farrall* v. *The State,* 32 *Ala ,* 557.

The case of *Farrall* v. *The State,* is directly in point. It was an indictment for selling liquor to a minor—a student at school—without the consent of his parent or guardian, and it was held that the burden of proving such consent was on the defendant.

As the person to whom the liquor was sold, was a competent witness to prove his own age, there could be no objection to his stating that he derived his knowledge of the day on which he became of age from an entry of his birth in the family Bible, or from any other source of information. His evidence as to that fact, was, as a matter of course, but hearsay.

3. Evidence of minor's age. Bible record.

As every person of common intelligence knows that whisky is an intoxicating liquor, and there was no question, and could be none, as to that fact, the instruction that it was so was unobjectionable.

4. Judicial Notice, that whisky intoxicates.

The judgment is affirmed.