The Phenix Insurance Company of Brooklyn *v.* Golden.

No. 13,660.

THE PHENIX INSURANCE COMPANY OF BROOKLYN *v.*
GOLDEN.

INSURANCE.—*Action on Policy.*—*Complaint.*—*Sufficiency of.*—In an action on a policy of insurance containing a condition that if the buildings insured should become vacant or unoccupied, or be used for any other purpose than that mentioned in the application without consent endorsed on the policy, the policy should be null and void, a complaint is sufficient which avers that the plaintiff "has, upon his part, performed each and every act which, by the terms of said policy, he was required to do."

SAME.—*Application.*—*Statements in.*— *When Deemed Representations.*—Where an agent of an insurance company who takes the application and writes out the answers contained therein, with full knowledge of the facts, and, relying upon his own knowledge, writes out the answers to the same, knowing that the applicant has no accurate knowledge in regard to the facts inquired about, and is unable to give accurate information in regard to the same, the statements made in the application must be taken to be representations, and not a warranty.

From the Jefferson Circuit Court.

*C. E. Walker, A. Gilchrist* and *C. A. De Bruler,* for appellant.

*W. R. Johnston,* for appellee.

OLDS, J.—This is an action by the appellee against the appellant for the value of a barn, which was insured by the appellant company, and was destroyed by fire. Issues were joined and trial had, resulting in a verdict and judgment for appellee.

There was a demurrer filed to the complaint and overruled by the court, and exceptions taken, and the ruling is assigned as error.

The policy of insurance, a copy of which is filed with and made a part of the complaint, contains a condition, that "if the above-mentioned buildings be or become vacant or un-

occupied, or be used for any other purpose than mentioned in said application, without consent endorsed hereon, this policy shall be null and void."

There is an averment in the complaint that the plaintiff " has, upon his part, performed each and every act which, by the terms of said policy, he was required to do." It is contended by counsel for appellant that the complaint is defective, for the reason that it does not specifically aver that the property was not allowed to become vacant, and that it was occupied at the time it was burned. If this is a condition precedent, which it was necessary for the plaintiff to aver the performance of to entitle him to recovery, the general averment in the complaint is sufficient. Section 370, R. S. 1881. But it may well be questioned whether or not, in the absence of a general averment, this is not a matter of defence, which must be pleaded by the defendant if a vacancy occurred, which would defeat a recovery. The complaint is sufficient, and the demurrer was properly overruled. *American Ins. Co.* v. *Leonard,* 80 Ind. 272 ; *Indiana Ins. Co.* v. *Capehart,* 108 Ind. 270 ; *Commercial Union Assurance Co.* v. *State, ex rel.,* 113 Ind. 331.

The defendant answered in four paragraphs : *First.* A general denial. *Second.* That plaintiff over-insured his barn, and caused it to be burned to get the insurance money. *Third.* That the policy was issued and based upon a written application therefor, made by plaintiff; that in and by his application, which was made part of the policy, and the contract of insurance, he specifically warranted each and all the statements and answers to questions therein to be true ; that he stated in the application the value of the barn was $1,500, which was false, and that it was only worth $300; that he answered to a question therein that the age of the barn was only twenty-five years, which was false ; that it was forty years old ; that he stated, in answer to a question, that the barn was distant 250 or 300 feet from the dwelling-house on the farm, which was false, and that it was less than 250

feet distant; that he stated, in answer to a question in the application that the value of the real estate (100 acres on which the barn was situated) was fifty dollars per acre, which was false, and that it was only worth eighteen dollars per acre; that he answered " No " to a question in the application, to wit: " Is it encumbered in any way? if so, when is mortgage due, and for how much?" which answer was false, and that said land, on which said barn was situate, and said barn, were then and there incumbered by a mortgage made thereon by plaintiff to one Lorenz Mallett for $1,400, which was and is a valid lien thereon, and unpaid. *Fourth.* That the property insured became, and was, up to the time of the fire, vacant and unoccupied, without the consent of the company indorsed on the policy.

The plaintiff replied first by a general denial; second, to said third paragraph of answer:

That the application was taken and filled up, so far as ever filled up, by one David Brownfield, then and there the agent of defendant at Vevay, duly authorized to receive and solicit applications for insurance on behalf of said defendant; that the application was filled out by said Brownfield at the office of Addison Works, who was then and there the agent of defendant at said town of Vevay; that each and all of the answers made by plaintiff to the questions asked him in said application were made in the presence and hearing of both of said agents; that before and at the date of said application, both said Brownfield and Works were well acquainted with said barn, and with the farm on which it was situated, and with the value of said barn and farm; that for the last ten years they both had been travelling over said county soliciting insurance, and had full knowledge of the value of farms and farm improvements in said Switzerland county (Gives location of farm and barn); that said agents had passed said farm and barn once a week for ten years, and had examined it at one time with a view of soliciting insurance thereon, and knew its age and condition, and its distance

from the dwelling-house on said farm; that he had but recently purchased the farm, and never resided on it, or in said State; that at the date of the application he had no knowledge of the age of the barn, and had never seen it until the 6th of March, 1884, and at the time of application had only seen it two or three times, and had but little knowledge of the value of said barn or farm, upon which to base an opinion of their value, all of which was well known to said Brownfield and Works at the date of the application; that said agents, knowing the value of said farm, and knowing the age, condition and value of said barn, and knowing the plaintiff had no knowledge or opportunity of knowing the value or age of said barn, relied upon their own knowledge thereof, and did not rely upon any answers, statements or representations made by plaintiff in said application or otherwise, and they were in no manner deceived or misled thereby; that at the date of the application both Brownfield and Works had full knowledge of the existence of said mortgage mentioned in third paragraph of answer, and knew it had been executed for a balance of purchase-money of said land, and that as to said encumbrance, and as to encumbrance on said land, said agents relied on their own knowledge thereof, and not upon any answer or statement or representation of his; that after the application had been so filled out by said Brownfield, and plaintiff had made his mark thereto, the same was delivered to Addison Works, who, with full knowledge of the contents thereof and of said answers and statements therein written, as such agent received and accepted said application, and on the same day as such agent forwarded the same, with his name endorsed thereon, by mail to defendant's general agent at Chicago, Ill., who, upon receipt thereof, issued the policy sued on.

The third paragraph of reply states that Brownfield and Works, defendant's agents, solicited him to take out insurance; that he went with them to Works' office; that Brownfield voluntarily filled out his application, and that he could

not read or write; that he had but recently purchased the farm mentioned; that he did not know the value, age and condition of barn, or distance from house; that he answered the questions put or read to him truthfully, and relied on Brownfield to write the answers truly; that he stated that said barn cost when new $1,500, but that he did not know its then value, and made no other statement or answer as to value, and was not asked as to age; that he stated value of farm to be $1,800; that no question was asked or answered as to number of acres or value per acre; that he was not asked as to encumbrance, and made no answer about encumbrance; that there was no question or answer about the distance of the barn from the house, and no other questions were asked except the above, and he made no answers, statements or representations except only those above and they are true; that the answers alleged in defendant's third paragraph of answer to be false, are not his answers and representations; that they never were made by him, but were written in the application by Brownfield wrongfully, without his knowledge or consent; that he made his mark to the application at the request of Brownfield and Works, and it was then delivered to Works, but he did not know the contents thereof, nor the answers and statements therein written; that he relied on Brownfield to write them as he made them, and believed he had dohe so; and he had no notice or knowledge to the contrary until after the loss; that said agents knew he could not read or write, and did not understand the meaning of said application, and that he relied wholly on Brownfield to prepare it and correctly fill out and complete it; that Works, with full knowledge of said statements and answers, received the application and forwarded it to Chicago, and the general·agent issued a policy on its receipt.

*Fourth.* That defendant's said agents at Vevay knew said property had become and was vacant and unoccupied, and made no objections thereto.

Defendant demurred severally to said special replies, be-

The Phenix Insurance Company of Brooklyn v. Golden.

cause they did not state facts sufficient to avoid said third and fourth paragraphs of answer.

The court overruled the demurrers to the second and third paragraphs of reply, to which defendant excepted, and sustained the demurrer to the fourth, and plaintiff excepted.

The overruling of defendant's demurrers to second and third paragraphs of plaintiff's replies to defendant's third paragraph of answer is assigned as error.

The policy of insurance in this case contained the following provision: "This insurance is based upon the representations contained in the assured's application of even number herewith on file in the company's office in Chicago, Illinois, each and every statement of which is hereby specifically made a warrant and a part hereof, and it is agreed that if any false statements are made in said application, this policy shall be void."

The question presented by the overruling of the demurrer to these paragraphs of reply is so fully discussed in the recent cases of *Rogers* v. *Phenix Ins. Co., post* p. 570, and *Pickel* v. *Phenix Ins. Co.,* 119 Ind. 291; see, also, *Phenix Ins. Co.* v. *Allen,* 109 Ind. 273, that we do not deem it necessary to further discuss the question, as the paragraphs of reply are substantially the same as those held sufficient in those cases. The statements made in the application must be taken to be representations and not a warranty. It is alleged in the reply that the agent of the appellant, who took the application and wrote out the answers contained therein, had full knowledge of the facts and relied upon his own knowledge and wrote out the answers to the same well knowing that the applicant had no accurate knowledge in regard to the facts inquired about, and could not give accurate information in regard to the same; and to hold that the parties to the contract intended that such representations should be strict warranties would be to hold that the applicant was intending to and did part with his money for the insurance

without any reasonable hopes or expectation to recover pay for his loss in case of the destruction of his property by fire, and that the company was taking the application without any intention of paying any loss which might occur.

The only reasonable construction which can be placed upon the acts of the parties in the making of the application and the issuing of the policy is, that they regarded them as representations, and that the applicant, in making answers to the questions, was acting in good faith and answering the questions to the best of his knowledge, or relying upon the good faith of the agent of the company, and believing the answers to be true as he wrote them, signed the application and paid his money and accepted the policy, and such statements must be held to be mere representations, and not a warranty.

Errors are assigned as to the instructions given by the court to the jury. We have examined them and they are in accordance with the theory held in ruling upon the pleadings, and there was no error in giving them. It is also contended that the verdict is not supported by the evidence, and that the court ought to have instructed the jury, as requested by the defendant, to find a verdict for the defendant. There is evidence tending to support the verdict, and we can not weigh the evidence, and the court properly refused to instruct the jury to find a verdict for the defendant; to have done so would have been error, in view of the evidence before the jury.

Objection is made, and error assigned, that the court refused to give certain instructions asked by the defendant. We have examined the instructions given and refused, and there was no error committed by the court in this respect. The court instructed the jury fully upon the issues presented, and such of the instructions asked and refused as were not covered by instructions given, are erroneous.

As the principal controversy is whether the statements in the application should be treated as representations or war-

ranties, we have not thought it necessary to set out the instructions, as they principally involve the same question.

There is no error in the record.

Judgment affirmed, with costs.

