The Ætna Life Insurance Company v. Deming, Administrator.

Filed April 23, 1890.

---

No. 13,916.

THE ÆTNA LIFE INSURANCE COMPANY v. DEMING, ADMINISTRATOR.

PRACTICE.—*Motion to Strike Out Parts of Complaint.—Overruling of.—Harmless Error.*—Error can not be predicated upon the overruling by the court of a motion to strike out parts of a complaint.

LIFE INSURANCE.—*Policy.—Conditions Working Forfeiture.—Construction of.*—All conditions in policies of insurance which when violated work a forfeiture as against the assured, are to be construed liberally in favor of the assured and strictly against the insurer.

SAME.—*Condition as to Intemperance of Accused.—Construction.*—Under a condition in a policy of life insurance, avoiding it if the assured "shall become so far intemperate as to impair his health seriously and permanently, or induce delirium tremens," it is not enough to work a forfeiture that the assured was a person who indulged in the use of intoxicating liquor unless the impairment of health resulting therefrom was serious and permanent.

The Ætna Life Insurance Company *v.* Deming, Administrator.

SAME.—*Term "Delirium Tremens."—Instruction Defining.*—An instruction defining the term "delirium tremens" as signifying "that diseased condition of the brain said to be produced by the excessive and prolonged use of spirituous liquors," is not unfair to the insurance company.

SAME.—*Physician.—Competency of as Witness.*—Under section 497, R. S. 1881, providing that physicians shall not be competent witnesses "as to matter communicated to them, as such, by patients, in the course of their professional business," the attending physician of the assured is not competent to testify to facts within his knowledge because of the confidental relation existing between him and his patient.

SAME.—*Testimony of Partner.*—The testimony of one of two physicians, partners, as to information secured when the assured was in consultation with the other in the office of the firm, is also incompetent under section 497, *supra.*

WITNESS.—*Competency of.—Waiver.—Depositions.*—Where depositions are taken to break the force of the witnesses' testimony as given in the deposition previously taken by the other party, objection to the competency of the witnesses is not thereby waived.

SAME.—*"Preliminary Proofs of Death."—Certificate of.—Bill of Exceptions.—Evidence.*—The objection that the "preliminary proofs of death" are not shown to have been made to the company as a condition precedent to the bringing of the action, can not be sustained, when a physician testifies to forwarding a proper certificate to the company, and the bill of exceptions recites that the certificate was read in evidence to the jury by the insurance company.

From the Putnam Circuit Court.

*G. A. Knight* and *A. W. Knight,* for appellant.

*J. G. McNutt, C. F. McNutt, D. E. Williamson, A. Daggy, E. N. Rinehart, S. B. Davis* and *G. M. Davis,* for appellee.

BERKSHIRE, J.—This was an action brought on a life insurance policy. There was a jury trial, and a verdict returned in favor of the appellee for $10,700. A motion was filed for a new trial which the court overruled, and to the ruling of the court a proper exception was reserved. Previous to this time, the appellant filed a motion to strike out a part of the second paragraph of the complaint, which motion the court overruled, to which ruling of the court the appellant reserved an exception, and following the motion separate demurrers were filed to the two paragraphs of the

complaint, and the court overruling the demurrers, exceptions were reserved. The errors assigned call in question the said several rulings of the court.

We may say here, as well as at any other time, in view of the many decisions of this court directly upon the question, that there is no available error arising out of the ruling of the court in overruling the motion to strike out parts of the said second paragraph of complaint. But further on we will state another reason why the said ruling of the court gave rise to no available error.

In their brief, counsel for the appellant do not contest the sufficiency of the paragraphs of complaint, and, therefore, waive all question as to their sufficiency; hence the only alleged error left for our consideration is as to the correctness of the court's ruling in overruling the motion for a new trial. The motion alleges several causes for a new trial, but without calling special attention to each, we will consider the different questions discussed by counsel as they arise in the record. One of the questions to which counsel for the appellant devotes much time, is as to the alleged matter brought into the second paragraph of the complaint to which the motion to strike out already referred to related.

As we understand the record the jury found against the appellee as to all of that part of the alleged cause of action, and simply returned a verdict for the face value of the policy with interest.

This being so, if it is conceded that the court was in error in its rulings upon that branch of the case, the error is not available in this court; but we do not wish to be understood as intimating an opinion that the court was in error; we have not considered the questions thus arising for the reasons stated.

If the appellant was put to costs in consequence of the issue presented as to the said portion of the second paragraph of the complaint and the issue joined thereon, it was entitled to recover costs, and had a proper motion been made

the court would no doubt have adjudged such costs to the appellee.

It was the duty of the court to construe the policy and state its construction thereof to the jury, and in the light of the construction given to the instrument by the court, it was the duty of the jury to consider and determine the facts as presented by the issues tendered by the parties. This is conceded by the appellant's counsel, and they refer to *Martindale* v. *Parsons*, 98 Ind. 174.

The clause in the policy on which rests the affirmative answers filed by the appellant is as follows: " Or in case he shall become so far intemperate as to impair his health seriously and permanently, or induce *delirium tremens.*"

It is well settled law that all conditions in policies of insurance which when violated work a forfeiture as against the assured are to be construed liberally in favor of the assured and strictly against the insurer. Wood Fire Insurance, section 67, p. 177 ; *Mutual Assurance Society* v. *Scottish Union, etc., Ins. Co.*, 84 Va. 116 (10 Am. St. Rep. 819, and note) ; *Havens* v. *Home Ins. Co.*, 111 Ind. 90; *Rogers* v. *Phenix Ins. Co.*, 121 Ind. 570; *Phenix Ins. Co.* v. *Golden*, 121 Ind. 524.

The condition which we have quoted was a condition belonging to the class named ; and asserting that the condition had been broken, the appellant sought an acquittance from liability on account of the policy.

Under this condition in the policy it was not enough to work a forfeiture that the assured was a person who indulged in the use of intoxicating liquors, not even to the extent of impairing his health seriously, unless the impairment was permanent.

A person's health may be seriously impaired and yet only temporarily so ; but under the said condition in the policy not only must there have been a serious impairment of health, but it must have been permanent.

The condition is double in its character—that is to say one

of two physical conditions brought about by intemperate habits would have worked a forfeiture under the policy—a serious and permanent impairment of health, or delirium tremens. In either case all rights under the policy would have been forfeited, but nothing short of the one or the other could have brought about that result.

The appellant requested the court to give an instruction to the effect that if the assured became so far intemperate from the excessive or protracted use of intoxicating liquors, drinks or beverages as to impair his health seriously and permanently, or to induce delirium tremens, the appellee could not recover, and this instruction the court gave.

The appellant also asked the court to give an instruction to the effect that if the assured used spirituous liquors to such an extent as to produce frequent intoxication, he was intemperate within the meaning of the policy, and if such intemperance impaired his health seriously and permanently, or induced delirium tremens, this avoided the policy. This instruction the court refused.

We do not regard the refusal to give this instruction as error; if for no other reason, it does not materially differ from the instruction which the court gave. The only difference is in the words employed. But the instructions which the court prepared and gave as to the construction to be placed upon the said condition in the policy were clear, concise and fair to the appellant, and in accord with the construction which we have placed upon it.

We do not care to set out and discuss the instructions given by the court, except the one numbered $9\frac{1}{2}$, for the reason that there is no criticism made upon the others. The said instruction, number $9\frac{1}{2}$, construes the phrase " delirium tremens." This instruction is short and we copy it in full:

" The term ' delirium tremens,' in the policy read in evidence, is used in this policy in the ordinary acceptation of that term, and signifies that diseased condition of the brain

said to be produced by the excessive and prolonged use of spirituous liquors."

We are unable to discover any infirmity in this instruction, at least of which the appellant can complain.

The phrase "delirium tremens" has an ordinary and accepted meaning, as recognized by all lexicons of the English language, and is in common use by English speaking people. Its use is not confined and limited to the medical profession. There is nothing in the policy to indicate that the said phrase was employed in a technical sense. We must, therefore, go to the dictionaries of the English language to find a definition. Worcester's definition is as follows:

"A disease of the brain, characterized by frightful dreams and visions, and resulting from the excessive and protracted use of spirituous liquors."

Webster's definition is as follows: "A violent delirium induced by the excessive and prolonged use of intoxicating liquors."

The Century Dictionary gives the following definition: "A disorder of the brain arising from inordinate and protracted use of ardent spirits, and therefore almost peculiar to drunkards. The delirium is a constant symptom, but the tremor is not always conspicuously present. It is properly a disease of the nervous system."

Stormonth's English Dictionary gives the following definition: "A temporary insanity or madness, accompanied with a tremulous condition of the body or limbs, generally caused by habitual drunkenness."

The definition as given in the instruction is more favorable to the appellant than that given in any of the lexicons named.

All other instructions complained of relate to the same subject-matter as does that part of the second paragraph of the complaint which the appellant sought to have struck out, and for the reasons already given need not be considered.

We are not prepared to say that it was not error to sup-

press the answers to questions fifty and fifty-one in the deposition of Evan James.

Question fifty was as follows: " What was the trouble; what did he do?"

The answer was: " The first time he was here in a saloon and some parties got into trouble, and he fired a pistol through the window; that's all he done."

Question fifty-one was: "What happened the second time?"

The answer was: " The cause of that was Alf. Harris jumped on him and he cut Harris in the throat."

The answers to these questions, with the circumstances, might have had some tendency to throw light upon the mental condition of the accused at the time. But in view of all the evidence in the case, we do not regard them of sufficient importance to justify us in reversing the judgment. It is evident, we think, that had these answers been read to the jury the result would have been the same.

In our opinion the deposition of Dr. Walker, and that part of the deposition of Dr. Le Crone excluded from the jury, were properly excluded.

Dr. Walker was the attending physician of the assured, and the facts to which he testified came to him because of that confidential relation which exists between a physician and his patient. His evidence was clearly within the statute. Section 497, R. S. 1881.

Dr. Le Crone comes clearly within the spirit, if not the letter, of the statute. He was the partner of Dr. Walker. They were in active practice, occupying the same office. The business of the one was the business of the other; when necessary it was the duty of the one to consult with the other, and in the absence of the one who was giving special attention to a patient, it was proper for the other, if not obligatory on him, to take his place. Their business was a joint enterprise.

The evidence of Dr. Le Crone was relative to what he

learned at a time when the assured was at the firm's place of business to consult Dr. Walker; to have allowed this testimony would have been a perversion of the section of the statute to which we have called attention.    See *Masonic Benefit Ass'n* v. *Beck*, 77 Ind. 203.

But it is claimed that because the appellee had taken the depositions of these witnesses and filed them, he thereby waived all objection to the witnesses giving testimony for the appellant.

The appellee did not take the depositions of the witnesses until after the appellant had taken them, and it seems that the depositions were taken to break the force of the witnesses' testimony as given in the depositions taken by the appellant.

We are not called upon to decide what the effect would have been if the appellee had taken the depositions of Drs. Walker and Le Crone in the first place, and decide nothing in that direction.

It is true that when one party takes the deposition of a witness, and files it, and especially after the deposition is published, the other party may read the deposition in evidence; but this can only be done when the witness is competent to testify as to the subject-matter covered by the deposition as a witness for either party, or when the objection to his competency has been waived.

We have examined the case of *Woodruff* v. *Garner*, 39 Ind. 246, to which our attention has been called, and find that it is not at all in point to the question under consideration. *Pennsylvania Co.* v. *Marion, post*, p. 415.

The point is made that the " preliminary proofs of death " are not shown to have been made to the company as a condition precedent to the bringing of the action.

Dr. John M. Groves testified to making out the proper certificate and forwarding the same to the company September 20th, 1885.

It also appears in the bill of exceptions that one of the

counsel for the appellant informed the court that he would offer in evidence the physician's certificate of death to the Ætna Life Insurance Company, as made out and sent to the company by Dr. John M. Groves August 20th, 1885, and sworn to before I. N. Gwin, notary public, and the bill of exceptions then recites that the certificate was read in evidence to the jury. And then follows a certificate of the character mentioned.

We think the evidence in this regard was sufficient. In our judgment there is evidence sufficient in the record to sustain the verdict.

We find no error for which the judgment should be reversed.

Judgment affirmed, with costs.

COFFEY, J., took no part in the consideration of this case.
Filed April 1, 1890.

### ON PETITION FOR A REHEARING.

BERKSHIRE, J.—The following are the reasons stated in the petition:

*First.* Because in the opinion of the court, it is held that no error was committed by the court below in suppressing the answers to questions fifty and fifty-one in the deposition of Evan James, taken on behalf of appellant.

*Second.* Because in said opinion rendered, the court sustained the ruling and decision of the court below in suppressing and excluding the deposition of Dr. Walker, taken on behalf of appellee. Also the deposition of Dr. Le Crone, taken on behalf of appellant.

*Third.* Because in the opinion rendered, the court sustained the ruling and decision of the court below in excluding the deposition of Dr. Walker, taken on behalf of appellant.

*Fourth.* Because of the erroneous decision of this court upon the three questions above enumerated, the appellant prays a rehearing.

The Ætna Life Insurance Company v. Deming, Administrator.

In the original opinion we held that the ruling of the lower court in suppressing the answers to questions fifty and fifty-one in the deposition of Evan James, was a harmless error, and after a careful consideration of the question since the filing of the petition for a rehearing, we are still firmly of that opinion.

In argument to support their petition, counsel most earnestly insist that the court should have passed upon the abstract question as to whether or not the taking and filing by one of the parties to an action of the deposition of a witness who is a competent witness for him, but who is incompetent to give evidence for the other party, is a waiver and renders the witness competent for said other party.

We did not pass upon the question for the very good reason that we were not called upon by the record to do so. We held that as the appellant had first taken the deposition of Drs. Walker and Le Crone, and as the evident purpose of the appellee in thereafter taking the depositions of these witnesses was to break the force of their testimony as given in their depositions as taken by the appellant, the taking and filing of their depositions was not a waiver.

There ought not to be any misunderstanding of the force of the original opinion in this regard, and it was certainly a fair disposition of the question. But our attention is called to the fact that the appellee did not take the deposition of Dr. Le Crone, and we discover in looking over the record that we inadvertently so stated.

This, however, does not help the position taken by counsel for the appellant, for in that event it can not be claimed with any degree of plausibility that the appellee waived all question as to the incompetency of Dr. Le Crone.

Petition for a rehearing overruled.

Filed May 17, 1890.