TERRY DAIRY COMPANY *v.* NALLEY.

Opinion delivered December 13, 1920.

1.  CONSTITUTIONAL LAW — STATUTE REGULATING EMPLOYMENT OF CHILDREN.—Acts 1915, p. 1505, regulating the employment of children under certain ages, is a valid exercise of the State's police power, and is not invalid as abridging their freedom of contract.

2.  MASTER AND SERVANT — NEGLIGENCE — EMPLOYMENT OF MINOR.— The employment of a child under 14 years of age contrary to Acts 1915, p. 1505, is negligence *per se.*

3.  NEGLIGENCE—VIOLATION OF STATUTE.—The violation of a statute which is negligence *per se* will not support a recovery unless it was the proximate cause of the injury complained of.

4.  MASTER AND SERVANT—NEGLIGENCE—VIOLATION OF CHILD LABOR LAW.—The employment of a boy under 14, in violation of the Child Labor Law (Acts 1915, p. 1505), being negligence *per se,* is the proximate cause of an injury received by him in the course of his employment, since his employer should have anticipated some injury as the natural or probable result of his employment.

5.  MASTER AND SERVANT—VIOLATION OF CHILD LABOR LAW—DEFENSE. —In the case of a boy under 14 employed to drive a delivery wagon in violation of Acts 1915, p. 1505, and injured while so employed, it was no defense to recovery against the master that the negligence of another contributed to the injury, so that it was not error to refuse to allow defendant to prove that the wagon the boy was driving was struck by a street car.

6.  MASTER AND SERVANT—DEFENSES OF ASSUMED RISK AND CONTRIBUTORY NEGLIGENCE.—In an action against a master for negligence in employing a child under 14 years of age, in violation of Acts 1915, p. 1505, § 1, the defenses of assumed risk and contributory negligence are not available.

7.  MASTER AND SERVANT—EMPLOYMENT OF MINOR—MISREPRESENTATION AS TO AGE.—In an action against a master for injuries to a child under 14 years, it is no defense that the plaintiff misrepresented to the master that he was of age or that the master in good faith believed him to be of age; the master must at its peril ascertain that the boys it employs are above the age of 14 years.

8.  EVIDENCE—STATEMENT AS TO AGE.—Where the parent of a child testified that the child was under 14, it was competent to prove, in contradiction, that when the child applied to defendant for employment he stated that he was over 16.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; reversed.

STATEMENT OF FACTS.

Charles Nalley, a minor, by his father and next friend, W. A. Nalley, brought this action against the Terry Dairy Company to recover damages for personal injuries alleged to have been caused by the defendant's negligence.

The Terry Dairy Company is a corporation engaged in the retail and wholesale ice cream business and in the general dairy business in the city of Little Rock, Ark. In August, 1919, the company employed Charles Nalley for $5 per week, to drive one of its delivery wagons drawn by a mule. On the 30th day of August, 1919, while Charles Nalley was driving the delivery wagon west on West Ninth street for the purpose of making deliveries of ice cream and milk, he was thrown from the wagon by a sudden lunge forward of the mule hitched to the wagon, and his right foot and leg were caught in the spokes of the wheel, thereby causing his leg to be broken.

According to Charles Nalley's own testimony, something came up behind the delivery wagon which he was driving, and he fell off of the wagon. He did not know whether the approaching vehicle hit his wagon or not, but when they picked him up he looked around and saw a street car just behind his wagon.

Another witness said that he thought the boy got overbalanced by striking at the mule with the lines. He said that the boy hit at the mule, missed him, and then fell off of the wagon, catching his legs in the wheel.

Charles Nalley denied that any one at the Terry Dairy Company asked him how old he was when he was employed, and denied that he told any of the employees of the Terry Dairy Company that he was sixteen years of age at the time he was employed. He said that nothing was asked him with regard to his age.

W. A. Nalley, the father of Charles Nalley, testified that the boy was born on December 10, 1905. On cross-examination he stated that he did not know that the boy

was working for the Terry Dairy Company until about a week before he was hurt, and said that he did not notify the Terry Dairy Company how old the boy was.

The defendant offered to prove that Charles Nalley had stated to the witness that the street car hit him and bumped him off of the wagon. The court refused to permit the defendant to prove this, and the defendant duly saved its exceptions. The defendant also offered to prove that its agent who employed the boy asked him how old he was before he was employed, and the boy stated that he was over sixteen years of age; that the company believed this statement to be true, and but for this statement would not have employed the boy.

The defendant duly excepted to the ruling of the court in refusing to allow it to prove these facts.

Evidence was adduced in favor of the plaintiff tending to show the character and extent of his injuries.

The court directed the jury to find for the plaintiff, but submitted to the jury the question of the amount of damages to be recovered.

The jury returned a verdict for the plaintiff in the sum of $1,000, and from the judgment rendered the defendant has appealed.

*Hendricks & Snodgress* and *Carmichael & Brooks,* for appellant.

1. The misrepresentations of the boy as to his age bar a recovery. 15 L. R. A. (N. S.) 443; 66 Iowa 346; 23 N. W. 736; 81 Pac. 869, 870; 47 N. W. 1037.

2. Act No. 1, Acts 1915, p. 1505, does not create civil liability. 58 Hun. 381, 12 N. Y. Supp. 188; 62 Ark. 235; 62 *Id.* 245. Contributory negligence bars a recovery. *Ib.;* 9 L. R. A. (N. S.) 339. Mere employment in violation of a statute does not constitute sufficient negligence to warrant a recovery. The act of negligence in employment must contribute to cause the injury and must not be casually incident thereto. The act does not create a civil cause of action but only fixes a penalty for the doing of the thing. 20 R. C. L., § 37. The violation of the stat-

ute would not be continuing nor supply negligence otherwise wanting. 13 Ill. 548; 56 Am. Dec. 471; 21 L. R. A. 723 and note; 18 R. C. L., § 65; 20 L. R. A. (N. S.) 881; 48 *Id.* 660; 14 *Id.* 609; 67 N. W. 729; 7 L. R. A. (N. S.) 336 and note; 61 L. R. A. 811. See, also, 31 L. R. A. (N. S.) 506; 56 Ark. 216; 18 R. C. L., § 65; 19 L. R. A. (N. S.) 783; 106 N. Y. Supp. 443; 148 Fed. 482. Under these cases the court erred in refusing to submit the question of liability to the jury and in refusing to permit defendant's witnesses to testify as to what investigation they made and what statements plaintiff made as to his age. The evidence shows that defendant was not guilty of any negligence. The evidence tending to show that a street car hit the wagon was competent and the court erred in excluding the testimony.

3. The act is not constitutional. It is not authenticated properly. Its title involves several questions and is in no way descriptive of the act. *Berry* v. *Majestic Milling Co.,* 223 S. W. 738.

*Mehaffy, Donham & Mehaffy,* for appellee.

1. Misrepresentations of the boy as to his age do not bar recovery. Cases cited by appellant are not in point. Representations of the boy as to his age were immaterial. The employer must *know* that the boy employed was over the prohibited age. There was no question for a jury on this point, and the evidence of the boy's representations as to his age was properly excluded. There was no question for a jury. 115 Pac. 843; 73 N. E. 766; 68 *Id.* 754; 70 *Id.* 669; 87 *Id.* 229. One employing a child must ascertain at his peril whether the child is of age. 156 N. W. 971; 67 Atl. 642; 60 So. Rep. 583; 116 N. W. 1107; 95 N. E. 204. Misstatement of age by a minor is no defense. 5 Labatt on Master and S., § 1903.

2. The act itself creates civil liability. 112 Pac. 145; 48 L. R. A. (N. S.) 657 and note; 87 N. E. 358; 79 S. E. 836; 26 Cyc. 1091; 5 Labatt, M. and S., § 1899; 26 Cyc. 1080.

3. Contributory negligence is no defense where the injured is a minor. 87 N. E. 358; 73 *Id.* 766; 66 *Id.* 572; 60 So. 587. See, also, 18 R. C. L. 554, § 65.

4. Violation of a statute forbidding the employment of a minor child is negligence *per se.* 87 N. E. 229; 61 S. E. 525; 17 L. R. A. (N. S.) 602; 65 S. E. 399; 32 S. W. 460; 115 Pac. 843; 18 R. C. L. 551.

5. The act is constitutional. 117 Ark. 465. It is within the scope of the police power of the State. Labatt on M. and S. (2 ed.), § 2338.

HART, J. (after stating the facts). Under the facts stated in the abstract, the court directed a verdict in favor of the plaintiff on the question of the liability of the defendant. This suit was brought under Initiative Act No. 1, providing for the health, safety and welfare of minors by forbidding their employment altogether under a certain age, and by forbidding their employment in certain occupations under a certain specified age, and the issues raised by the appeal involved the construction of this act. See Acts of Arkansas, 1915, p. 1505.

Section 1 of the act reads as follows: "No child under the age of fourteen shall be employed or permitted to work in any remunerative occupation in this State, except that during school vacation children under fourteen years may be employed by their parents or guardians in occupations owned or controlled by them."

Sections Nos. 2 and 3 provide that no child under sixteen shall be employed or permitted to work in certain specified occupations. Sections Nos. 7 and 8 provide for the issuance of employment certificates in certain instances allowing children under the age of sixteen years to work in certain establishments, or occupations. Section 13 makes it a misdemeanor to violate the provisions of the act.

It is first contended by counsel for the defendant that the judgment should be reversed because the act under which the suit was brought is unconstitutional. Child labor laws have been enacted in most of the States

and in Canada. They have been uniformly upheld as being within the police power of the State, and it has been said that the legislative judgment in regard to such regulations will not be interfered with by the court. It is specially insisted that the present act is unconstitutional because it prohibits children under fourteen years of age from engaging in any occupation, except that during the school vacation, children under fourteen years may be employed by their parents or guardians in occupations owned or controlled by them. The constitutional guaranty of the liberty of contract does not apply to children of tender years, nor prevent legislation for their protection.

In discussing the question, Mr. Tiedeman says: "The constitutional guaranty of the liberty of contract does not, therefore, necessarily cover their cases, and prevent such legislation for their protection. So far as such regulations control and limit the powers of minors to contract for labor, there has never been, and never can be, any question as to their constitutionality. Minors are the wards of the nation, and even the control of them by parents is subject to the unlimited supervisory control of the State." Tiedeman on State and Federal Control of Persons and Property, vol. 1, p. 335.

Again, the learned author said: "But children under ages, stated in and varying with the provisions of the different States, are in some States prohibited altogether from working outside of their homes, while in others they are only prohibited from engaging in certain kinds of work. The total prohibition is designed to aid in the enforcement of the attendance upon the school, and both the total and partial prohibitions of child labor are designed to promote their physical and mental growth, by the removal of all strains, which may be caused by excessive labor. *Ib.,* vol. 1, pp. 240, 241.

Professor Freund says, that the constitutionality of legislation for the protection of children is rarely questioned, and that the Legislature is conceded a wide

discretion in creating restraints. Continuing, he said: "But even the courts which take a very liberal view of individual liberty and are inclined to condemn paternal legislation would concede that such paternal control may be exercised over children, so especially in the choice of occupations, hours of labor, payment of wages, and everything pertaining to education, and in these matters a wide and constantly expanding legislative activity is exercised. While different grades in the age of minority have not been constantly fixed, it is a reasonable principle which in practice is observed, that the exercise of control must decrease as the age advances." Freund on Police Power, section 259; see also, *Starnes* v. *Albion Mfg. Co.* (N. C.), 17 L. R. A. (N. S.) 602, and cases cited and *Re Spencer* (Cal), 117 Am. St. Rep. 137. Therefore we are of the opinion that the statute is not unconstitutional.

It is next contended that the trial court erred in holding that the employment of a minor under fourteen years of age is contrary to the provisions of section 1 of the act and constituted negligence *per se.* The authorities on this point are in decided conflict. It has been said that the violation of a statute forbidding the employment of children under a certain age, or their employment at certain kinds of work or without complying with certain conditions, is held by the weight of authority to be negligence as a matter of law, in an action by the child for injuries received during the course of the employment. See case note to 7 L. R. A. (N. S.) 335 and 48 L. R. A. (N. S.) 657. Numerous cases from the various courts of last resort of the several States where child labor laws have been adopted are cited in support of each view. A leading case supporting what is termed the minority rule or the rule that the unlawful employment is only evidence of negligence, is the case of *Berdos* v. *Tremont and Suffolk Mills* (Mass.), Ann. Cas. 1912 B, p. 797. The case of *Elk Cotton Mills* v. *Grant* (Ga.), 48 L. R. A. (N. S.) 656, is a leading case

holding that the employment of a minor under the pre-scribed age in a factory, in disobedience of a statute for-bidding such employment, is negligence *per se;* and if the injury to such child proximately results from the em-ployment, a right of action in its favor arises. Many decisions are cited in the case note in support of the rule.

In Thompson on Negligence, section 10, it is said that "the general conception of the courts, and the only one that is reconcilable with reason, is that the failure to do the act commanded, or the doing of the act pro-hibited, is negligence as a mere matter of law."

In the next section the learned author says that it is to be regretted that some courts have fallen into the aberration of holding that the violation of said statutes does not establish negligence *per se,* but is merely evi-dence of negligence; that is to say, competent, but not conclusive, evidence to be submitted to the jury on the question of negligence or no negligence. Continuing, he said, that it seems to have escaped the attention of the judges who have laid down this rule that it has the effect of clothing juries with the power to set aside acts of the Legislature. We think that the view that the unlawful employment is negligence *per se* is in accord with the better reasoning on the subject, and we adopt it.

In this connection we must consider the question of whether the violation of the statute by the defendant was the proximate cause of the injury to the child. If the negligence, whether *per se* or otherwise, does not proximately cause the injury, there can be no recovery on account of it. This brings us to the question of whether there was any casual connection between the disobedience of the statute and the injury. In short, was there any intervening cause? In the present case the undisputed evidence shows that the child was injured while in the course of his employment, and the court properly took the question of proximate cause from the jury. The employment of a minor in violation of the statute being negligence *per se* and the injury being

caused by reason of the employment, such negligence is the proximate cause of the injury. The negligence of the master was shown by the employment of the child contrary to the provisions of the statute, and the injury to the child occurred as a result of that act. The only other element necessary to complete the chain of proximate cause is the fact that some injury to the child should have been reasonably anticipated by the defendant as the natural or probable result from hiring him to drive one of its delivery wagons contrary to the provisions of the statute, and this necessary element is held to be conclusively established by the law itself.

It is insisted by counsel for the defendant in this connection that the court erred in refusing to allow it to prove that a street car struck the delivery wagon which the boy was driving and caused him to fall out of the wagon and thus receive the injuries complained of. This proof would not relieve the defendant from liability. The object of the statute was to prevent boys under fourteen years of age from obtaining employment of any kind. Doubtless the Legislature had in view that boys under that age might seek employment of the kind in question in which they would be subject to dangers in driving about the streets and delivering goods which their immaturity could not guard against. The danger of the delivery wagon driven by the boy coming into collision with other vehicles and street cars was ever present while he was delivering goods; and if the defendant could be relieved of liability because of the negligence of some third person, in this respect the purpose of the statute in a large measure would be defeated. Of course, there would be no casual connection if the boy had got sick and died as the result of his sickness. For instance: if he had a weak heart and this caused him to fall from the wagon and thereby become injured in the manner he was injured, there would be no liability on the part of the defendant.

Again, it is insisted that the judgment should be reversed because the defenses of assumption of risk and of contributory negligence are still open to the defendant, and that on this account the court erred in directing a verdict for the plaintiff. There is great conflict in the authorities on these points, but we are inclined to the view that the defenses of assumption of risk and of contributory negligence are not available to the defendant.

As we have already seen, the evident purpose of the statute is to protect the lives and limbs of children by prohibiting their employment altogether under a certain age and by prohibiting their employment in certain occupations under another prescribed age and in regulating their employment in other occupations under a designated age. If the defenses of assumed risk and contributory negligence were still available to the defendant, the purpose of the statute would in a large measure be defeated. In discussing this question in *Louisville, H. & St. L. R. Co.* v. *Lyons*, 48 L. R. A. (N. S.) 666, the Kentucky Court of Appeals said: "There are many employers who engage the services of children because their labor can be obtained at less cost than the labor of adults. There are also parents who do not seem to care how dangerous the employment in which their children are engaged, and so, between the unconcern of the employer and the indifference of the parent, it was a common thing to find children of tender years working at occupations in which they were liable at any moment to be crippled or killed. The child, thoughtless, forgetful, and careless, as the majority of them are, was thus subjected to continual danger. Confronted by this distressing condition existing in many places, the Legislature endeavored to remedy it by the enactment of this statute prohibiting the employment of children in certain occupations. The Legislature knew from observation and experience that one way to accomplish the desired result would be to impose a direct penalty on the employer, as the law does. But the imposition of a small penalty on

the employer was not all the Legislature intended to do in its efforts to save children from being crippled or killed in dangerous occupations, or the only burden it was intended the employer should assume if he violated the statute. To so construe it would be to lose sight of the rights of the child, who should receive the fullest measure of compensation if injured while working in a forbidden employment. If the child is to assume the risk of danger that follows his thoughtlessness or want of care, or is to be charged with negligence because of his immature judgment and youthful habits caused the accident, then in many cases on the child, and not the employer, would be put the consequences of the unlawful act of the employer. The child, in accepting employment, does not knowingly violate any law or purposely do any wrong, but the employer does; and, between the two, the employer, for the benefit of the child, should bear all the burden, and the child none. In other words, the employer should be required, so far as compensation can do it, to put the child in the same condition as he would have been, except for the wrongful employment which caused his injury."

On the same question in the case of *Lenahan* v. *Pittston Coal Mining Co.*, 12 L. R. A. (N. S.) 461, 218 Pa. 311, 67 Atl. 642, the Supreme Court of Pennsylvania said: "After full consideration, we are unanimously of the opinion that the Legislature, under its police power, could fix an age limit below which boys should not be employed, and, when the age limit was so fixed, an employer who violates the act by engaging a boy under the statutory age does so at his own risk, and, if the boy is injured while engaged in the performance of the prohibited duties for which he was employed, his employer will be liable in damages for injuries thus sustained. This rule is founded on the principle that when the Legislature definitely established an age limit under which children should not be employed, as it had the power to do, the intention was to declare that a child so employed

did not have the mature judgment, experience, and discretion necessary to engage in that dangerous kind of work. A boy employed in violation of the statute is not chargeable with contributory negligence or with having assumed the risks of employment in such occupation."

Counsel for the defendant invoke the rule that the violation of a statutory duty by the employer does not abolish the defenses of assumption of risk and contributory negligence, in the absence of a statute to that effect. For example, in the cases of *Patterson Coal Co.* v. *Poe,* 81 Ark. 343, and *Mammoth Vein Coal Co.* v. *Bubliss,* 83 Ark. 567, the court had under consideration a statute requiring the defendant company to furnish props to the miners under certain conditions. The court held that the failure to furnish the props as required by the statute constituted negligence on the part of the company, but that the defenses of assumed risk and contributory negligence were available to the defendant because those defenses were not abolished by the statute. That statute, however, while it increased the liability of the mine owner, did not decrease the obligation of the miner to exercise due care for his own safety. The employment of miners was not prohibited. The distinction is that in those cases the employment was lawful. In the instant case the employment of the child was prohibited. The injury resulted from the unlawful employment, and while the child was engaged in doing the precise thing that it was hired to do. *American Car & Foundry Co.* v. *Armentraut,* 214 Ill. 509, 73 N. E. 766; *Rolin* v. *R. J. Reynolds,* 7 L. R. A. (N. S.) 335, and *Louisville, Henderson & St. Louis Ry. Co.* v. *McKinley Lyons,* 48 L. R. A. (N. S.) 667 and case note.

It is next contended by counsel for the defendant that it offered to prove that the plaintiff misrepresented his age to the defendant at the time he was employed and that such testimony was competent. They contend that the representation of the plaintiff that he was over the prescribed age would absolve the defendant from

liability while the child was at work for it. The authorities on this point are in conflict, and we refer to case notes in 20 L. R. A. (N. S.) 500, 25 L. R. A. (N. S.) 708 and 42 L. R. A. (N. S.) 624 for a collection of the authorities on both sides of the question. We take the view that the right of the child to maintain an action for injuries under the statute is not affected by the fact that he obtained employment by misrepresenting his age. Section 1 of the act under which the case at bar was brought contains an absolute prohibition against the employment of children under fourteen years of age. They were considered by the Legislature as being too young and inexperienced to work for any one except their parents and guardians during the vacation. The prohibition extends to all children within the prescribed age. The good faith of the employer or his knowledge of the age of the child is not material. The defendant was by the statute permitted to employ only children above the age of fourteen years. It must ascertain at its peril that the boys that it employs are of the class that it may lawfully employ. In this connection we refer to the reasoning of the Supreme Court of Pennsylvania in the case of *Lenahan* v. *Pittston Coal Mining Co.,* 12 L. R. A. (N. S.) 461, which is copied above. This court has held that, under the statute prohibiting the sale of intoxicating liquors to minors, it is no excuse or justification of the one selling the liquor to the minor without the consent of the parent or guardian that both he and the minor believed at the time that the latter was of age. *Edgar* v. *State,* 37 Ark. 219, and *Harper* v. *State,* 91 Ark. 422.

For another reason, however, the judgment must be reversed and the cause remanded for a new trial. The defendant offered to prove that the plaintiff represented to it that he was sixteen years of age at the time he was employed, and that it would not have employed him unless it had thought he was over fourteen years of age. This testimony was competent. The plaintiff's right to recover depended upon the fact that he was under four-

teen years of age. His father testified as to his age, and it was competent for the defendant to introduce in evidence his declaration as to his age.

In *Edgar* v. *State,* 37 Ark. 219, and *Pounders* v. *State,* 37 Ark. 399, it was held that a minor to whom liquor was sold was a competent witness to prove his own age, and that there could be no objection to his stating that he derived his knowledge from an entry of his birth in a family Bible or from other source of information. Prof. Greenleaf says, that while a person's belief as to his own age rests upon hearsay only and not on actual observation and recollection, such belief, sufficient as it is for action in the practical affairs of life, ought also to be admissible in judicial inquiries, and such is the view generally accepted. Greenleaf on Evidence (16 ed.), vol. 1, § 430k. The same author says that a person's appearance may be evidence of his age, at least, within broad limits. *Ib.,* § 14 L.

In *Commonwealth* v. *Hollis,* 49 N. E. 632, the defendant was charged with carnal knowledge of a female under sixteen years of age, and the Supreme Court of Massachusetts held that her testimony as to her age would have been competent, and that it was also competent for the jury to consider her appearance in determining her age. Of course, the value of such testimony is for the jury.

Therefore, we are of the opinion that the excluded evidence would have tended to contradict the evidence adduced by the plaintiff at the trial as to his age. The age of the plaintiff was material, and the exclusion of testimony which tended to contradict the evidence adduced by him on that point was necessarily prejudicial. *Koester* v. *Rochester Candy Works,* 19 L. R. A. (N. S.) (N. Y. Ct. of Appeals) 783 and cases cited.

For the error in excluding the evidence offered by the defendant as to the plaintiff's age, the judgment must be reversed and the cause will be remanded for a new trial.