## THE STATE *v.* NICHOLS.

PARDON AND AMNESTY—The pardoning power is not naturally or necessarily an executive function, and where the Constitution is silent, vests no more in one branch of the government than the other.

The power to pardon, *after conviction*, vested in the Governor, by the Constitution of 1864, is not prohibitory of the exercise of that power, by the Legislature, *before conviction*, nor is it inhibited by the powers delegated to the federal government.

Where there is no express or implied limitation in the exercise of the pardoning power, granted to the executive, it operates as an inhibition against the legislative branch interfering with it.

Plea of tender and acceptance of pardon, before indictment found, is good and is not an interference with the administration of justice by the courts.

After tender and acceptance of pardon, no subsequent action of the executive or Legislature can revoke it.

The Act of March 1, 1867, entitled, "An act of pardon and amnesty," is not in conflict with the present Constitution.

*Appeal from Pulaski Circuit Court.*

HON. WM. STORY, Judge 2d Judicial Circuit, presiding.

*Montgomery*, Attorney General, for appellant.

*Parr & Fletcher*, *Garland & Nash*, *Gallagher & Newton*, for appellee.

McCLURE, J.

At the March term of the Pulaski circuit court, for the year 1869, the grand jury found a true bill of indictment against Nichols, for the murder of one Charles Wood, on the 10th of July, 1864.

At the May term, 1869, Nichols filed a plea, wherein he sets up "that the killing, for which he is indicted, occurred between the 6th of May, 1861, and the 4th day of July, 1865, and that he was fully and freely pardoned of said supposed offense by an act of the General Assembly of the State of Arkansas, entitled "An act of pardon and amnesty," passed March 1, 1867," etc.

To this plea the State filed a demurrer, which was overruled by the court, and, the State declining to proceed further with the prosecution, the defendant was discharged. From this judgment the State appealed.

The only question presented by the record is, whether the act of pardon and amnesty, passed March 1, 1867, is, in fact, a pardon and amnesty. In other words, had the Legislature of 1867, assembled under the Constitution of 1864, power to pardon and amnesty citizens of the State who were liable to be charged with crime?

"Our government," says Judge PARSONS, "is founded on principles not known to the laws of any other country. The sovereignty of the commonwealth remains in the people. The several departments of the government—the legislative, execu-

tive, and the judicial—are the agents of the people in their respective spheres."

The language quoted above, from Judge PARSONS, no doubt, was used for the purpose of directing the mind of counsel to the fact that our form of government, so far as the exercise of certain powers is concerned, is not analagous or similar to any monarchial form of government, and that a power exercised by a monarch does not necessarily prove that such powers belong to the Executive of a State.

In a republican form of government the people select delegates to form a fundamental law for the government and control of such persons as may be called to exercise the duties prescribed. To use the expression of another, they build a capitol, erect its pillars and its walls, surround it with bulwarks, and assign to each department its various duties. This done, the members of a constitutional convention disperse; the people send the officers who are to take charge of the various departments, and the three branches represent the sovereignty of the State.

The theory of all monarchial forms of government is, that the monarch, or reigning sovereign, rules by "divine right," and that he is the depository of all supreme power—that whatever of liberty the people possess or enjoy, is a gracious grant on the part of the sovereign. Under such a form of government, the power to pardon and remit fines and forfeitures is a *dispensing* power of the sovereign; a crime in such a country is not against the *government*, but against the *king*. With us, the theory of government is different. If a man commits a crime in this State he is indicted for having offended, not against the executive, the legislative or judicial branches of the government, but for having offended "against the peace and dignity of the State of Arkansas."

In a republican form of government, such as exists in this country, what belonged to *one* branch of government under a monarchial form, is lodged in *three* different departments. Lieber, in his second volume, 147 on "civil liberty and self-

government," says: "The executive stands, if any one visibly does, in the place of the monarchs of other nations, and that we *forget* the monarch had the pardoning power, *not because he is the chief executive*, but because he was considered the sovereign; while, with us, the Governor or President has but a delegated power and limited sphere of action, which by no means implies that we must *necessarily* or *naturally* delegate, along with *the executive* power, also the pardoning power."

From this it would seem that the pardoning power is not naturally or necessarily an executive function. The Constitution of the United States places but few prohibitions upon the States, as to what the Constitution of the State shall contain. The Constitution of a State must be republican in form. It must not provide for titles of nobility, nor violate the obligation of contracts, nor attaint persons of crime, nor provide *ex post facto* laws for the punishment of acts which were innocent when committed, nor contain any other provisions which would, in effect, amount to the exercise of any power expressly or impliedly prohibited to the States by the Constitution of the United States. So long as the people do not infringe upon the power already delegated to the general government, they are fully authorized to deposit power in such branches as to them may seem best. To illustrate: They had the right to withhold all pardoning power from any one of the three branches; or, on the other hand, they had the right to vest the pardoning power in either the legislative or judicial branches of the government. The Executive no more represents the sovereignty of the State than either one of the other branches of the State government. The pardoning power no more vests in the Governor, by virtue of his position, than it does in the judicial branch of the government, when the Constitution is silent.

The Constitution of 1864, on the subject of the pardoning power of the Governor, says: "In all criminal and penal cases, except those of treason and impeachment, he shall have power to grant pardons *after conviction*, and remit fines and forfeitures," etc. It is urged, on behalf of the State, that this lan-

guage is an inhibition against the Legislature exercising the pardoning and amnesty powers attempted to be exercised by the Legislature, in the act of March 1, 1867, and, therefore, unconstitutional.

There is a plain rule of construction running through all the books, and is as familiar to the profession as the common law itself, that declares where the language employed is inhibitory, it is a denial of power to the extent of the inhibition. To illustrate: The Constitution of this State declares: "In criminal cases the jurisdiction of justices of the peace shall extend to all matters less than felony for final determination and judgment." It was insisted, in this court, that this language conferred *exclusive* jurisdiction on the courts of justices of the peace; but, in Tucker, *ex parte*, we held this language was no inhibition on the Legislature from conferring a concurrent jurisdiction over the same subject matter to the circuit court.

The inhibition in the Constitution of 1864 limits the right of pardon, in the Governor, to cases in which there has been a conviction at law. Now, the question arises, does this limitation of the exercise of the pardoning power to cases *after conviction*, inhibit the Legislature from passing an act of pardon and amnesty, as to such persons who have not suffered conviction? The counsel for the State insist that the power of pardon and amnesty, *before conviction*, is not vested in any one of the branches of government, and that convictions must follow before the pardoning power can be exercised at all.

There is a broad difference as to the rule of construction applicable to the Constitution of the United States and that of a State. The government of the United States is one of enumerated and limited powers, while the government of the State is possessed of all the general powers of legislation. In construing a law of the United States, we look to the Constitution to see if the power is *granted;* but, in construing the Constitution of the State, we look whether the Legislature is *prohibited* by express words, or by implication. Congress can

pass no laws save such as the Constitution authorizes in express terms, or necessary implication, while the Legislature is constrained by no bounds, save such as the Constitution of the State and United States have thrown around it.

While it may be conceded that the pardoning, *after conviction*, is, by the Constitution, declared to be one of the duties of the executive, yet the exercise of the same power by the Legislature, *before conviction*, cannot be construed, in our opinion, to be an invasion of the executive department. We have already intimated that the executive of a State did not inure to any of the powers exercised by a monarch, by "divine right," and that his power and authority was measured by the Constitution alone. It is not urged that the executive has any pardoning power *before conviction*, and if he has not, we are unable to see wherein his province has been invaded.

It is urged, however, that the pardoning power is peculiarly an *executive function*, and that any exercise of such power by the Legislature is impliedly prohibited. The power to pardon partakes more of the nature of a *dispensing* than an executive power. The chief duty of the executive is to see that the laws are *executed*, and, where the power to *dispense* with the execution of the law is given him, it should not be extended by implication. The power of dispensing with the law and its penalties, partakes more of a legislative than of an executive character.

The President of the United States exercises the pardoning power, both before and after conviction; but this is not by reason of it being peculiarly an executive function, but because the Constitution of the United States, in plain and unqualified language, has conferred the sole power of pardoning on him. In a question involving the discussion of the pardoning power of the President, Chief Justice CHASE says that the President had the pardoning power without any act of Congress, but that if he did not, the act of Congress would have been sufficient to have given him the power—thus conveying the impression that if the pardoning power was not vested in the

President by the Constitution, that Congress had the power to confer it on him. The federal government is composed of three branches, just like the State governments. No one of these branches of government are permitted to exercise the powers belonging to another, any more than they are in a State government; and if the pardoning power is peculiarly an executive function, it is not at all probable that Chief Justice Chase would have made the remark he did, in the *United States v. Paddleford, 9 Wall., 542.*

So far as our knowledge and research extends, the question as to whether the Legislature has the power of pardon or amnesty before conviction, has never been submitted to any court acting under a similar constitutional provision to that of this State, save in the State of Tennessee. The Constitution of Tennessee, on the pardoning power, declares that, "He (the Governor) shall have the power to grant reprieves and pardons, *after conviction*, except in cases of impeachment." Andrew Fleming was indicted for retailing liquors in violation of the act of 1838; pending the prosecution, and before conviction, the Legislature passed an act by which, under certain restrictions, it became lawful to retail spirituous liquors, and at the same session, and subsequent to the passage of the act legalizing the sale of spirituous liquors, it was *resolved* by the Legislature that "no fine, forfeiture or imprisonment should be imposed or recovered for the offense of tippling, and that all causes pending in the courts should be dismissed, wherein such an offense was charged." The defendant (Fleming) had no knowledge of the passage of the resolution, and was tried and convicted of the offense charged, and fined. Before the fine was collected, the passage of the resolution became known to him, and he asked that the judgment against him might be vacated. It will be borne in mind, that the defendant, in the case just cited, had suffered a conviction, and had not plead the act of remission. This being true, he stood before the court in the light of one who had waived his pardon, and asked a judgment at the hands of his peers. The Constitution of

Tennessee places the power of pardon, after conviction, in the hands of the Governor. Fleming had been convicted, it follows, therefore, the action of the court in extending to Fleming the benefit of the resolution, *after conviction*, was an invasion of the executive duties.

If Nichols had waived the provisions of the act of March 1, 1867, as he had a right to do, for a pardon need not be relied on unless the defendant so elects, and had suffered a conviction, he would not then be allowed to go back and plead an act of pardon or amnesty for the purpose of vacating the judgment. To tolerate such a practice, even if an act of the Legislature authorized it, would be an invasion not only of the executive functions, but those of the judiciary.

Our attention has been directed to certain rulings in the States of Alabama and Missouri, in which it is strongly intimated that the pardoning power is an executive function. In order to show that the opinions of the Supreme Courts of those States are not applicable to a Constitution like ours, it is only necessary to state that there is no similarity between them. The Constitution of Arkansas is as follows:

"In all criminal and penal cases, except those of treason and impeachment, he (the Governor) shall have power to grant reprieves and pardons, and remit fines and forfeitures, under such rules and regulations as may be prescribed by law."

The Constitution of Missouri, on the subject of pardons, reads as follows:

"The Governor shall have power to remit fines and forfeitures, and except in cases of impeachment, to grant reprieves and pardons."

It will be observed, there is no limitation in the Constitutions of Alabama or Missouri, to the exercise of the pardoning power to cases, *after conviction*. The language used amounts to an absolute grant of *all* the pardoning power of the State to the executive, and therefore is an inhibition against the legislative branch interfering with it. The Governor of Alabama

exercises the power of pardon *before conviction,* and where his pardons have been pleaded, the prisoner has invariably been discharged.

No Governor of the State of Arkansas ever attempted to exercise the power of pardon *before conviction,* and if he had, no court of the State would have recognized it. The idea advanced by the Supreme Court of Tennessee, that the courts and prosecuting attorney have a *vested right* to a conviction, under a criminal statute that may have been violated, is not founded in law or reason, because the Legislature is the branch of government that declares what acts shall be criminal and what penalty shall be inflicted. While it is true that the Legislature cannot affix a *greater* penalty to crime than was affixed thereto at the time of its commission, no one has ever seriously doubted the right or power of the Legislature to *lessen* the punishment or remit it altogether, when such remission did not infringe upon the exercise of some right conferred on some other department of the government by the terms of the Constitution.

This act of pardon and amnesty was passed in March, of 1867, and related to offenses committed between the 6th of May, 1861, and July 4, 1865, and no indictment was found against Nichols until March, of 1869. The question presented in this case is not like the cases presented in either Tennessee, Alabama or Missouri. In the cases passed upon by the Supreme Courts of those States, the action of the Legislature was directed toward the *control of cases pending in the courts* at the time of the passage of the law. At the time of the passage of the law, there was no case pending in the courts of this State against Nichols, nor was there until two years afterwards. If Nichols had been indicted *before* the passage of the act of March, 1867, and had pleaded the act, and the question had come here upon such a state of facts, a very different question would have been presented to this court than the one now before it. Such a case would have presented the questions discussed in Missouri and Tennessee; but in the case at bar, the action of

the Legislature in no manner undertook to control or dismiss a case in court. The plea of interfering with the administration of justice in the courts, cannot be set up in this case, because the interference, it interference it is, took place *before* the jurisdiction of the court attached. The plea of Nichols shows that he accepted the pardon tendered him by the Legislature, and the rule is that, where the pardon has been accepted, no subsequent action of the executive or Legislature can revoke it.

The disposition of this question does not necessarily involve a discussion of the second section of the act of March 1, 1867, or cases arising thereunder. It will be time to discuss the constitutionality or unconstitutionality of that section when a case is presented, and until that time we refrain from any expression of opinion.

Section 16, of article 15, of the Constitution of 1868, declares that "all laws in this State, not in conflict with this Constitution, shall remain in full force until otherwise provided by the General Assembly," etc. The act of March 1, 1867, is not in conflict with the present Constitution.

We are therefore of opinion that the circuit court of Pulaski county did not err in overruling the demurrer and discharging the appellee.

Judgment affirmed.


GREGG, J., dissenting says:


Upon a most careful consideration of this case, I have failed to agree in opinion with the majority of the court.

The Legislature of this State, on the first of March, 1867, passed a pardon and amnesty act, in which it is provided, "That full and free pardon and amnesty be, and the same are hereby granted to all persons who at any time, after the sixth day of May, A. D. 1861, and before the fourth day of July, A. D. 1865, may have committed any crime or misdemeanor against the

State of Arkansas—rape only excepted—and shall not have been convicted thereof before the passage of this act."

It is not merely the purport or effect of this act that makes it a legislative act of pardon, but the title and the body of the act declare that it is an act of pardon, no pretense that it is a repeal of the criminal law or the jurisdiction of the courts.

We have, then, but one question : Is the pardoning power, under our form of government, committed to legislative action? We think not.

We lay down, as one of the fundamental principles of our government, that the powers of the three departments are to be exercised by different and distinct classes of persons. Our present, as well as former Constitutions, ordains that the powers of government are divided into three departments—the legislative, executive and judicial—and that no person, nor collection of persons, belonging to one department, shall exercise any of the powers belonging to another, except in the cases expressly provided in the Constitution.

The majority of the court, in argument, assume that there is a sovereignty attached to the legislative department that does not belong to the executive or judicial.

We admit its wider range and greater diversity of power, but not its claim to sovereignty. The sovereignty of the State is in the people They have assembled in convention and distributed the sovereignty between three departments of government—legislative, executive and judicial—conferring upon each all the powers necessary to the full execution and maintenance of its respective department, and to maintain this independence and distinctiveness, have declared that "no person or collection of persons, belonging to one department, shall exercise any of the powers belonging to either of the others."

Then, we hold that each of these departments received from the people that portion of sovereignty necessary to the discharge of all the functions of its respective department, and no more; and, consequently, each is sovereign within its own sphere—the equal, but not the superior, of the other co-ordi-

nate powers of the State; and, as quoted by the majority, from Mr. Parsons, "Each is the agent of the people, in their respective spheres."

And, to use a further quotation of theirs: "The people in convention, assign to each department its various duties; this done, the members of a convention disperse, and the people send the officers who are to take charge of the various departments, and the three branches represent the sovereignty of the State."

The legislative department has more extended jurisdiction, and greater diversity of action; its province is to enact rules, or laws, for the government and well-being of society, in its varied wants, innumerable changes, pursuits and improvements, the right to make laws upon all subjects, and to any purport and effect, not restricted by constitutional limitations; but this is not a grant of sovereignty to that department, except over the wide field assigned to it. ·

We do not concur in the opinion that the pardoning power is more legislative than executive, and the weight of authority, hereinafter referred to, if not for other reasons, would incline us to a contrary conclusion.

The majority say that the Constitution of the United States has, in plain and unqualified language, conferred upon the President the sole power of pardoning. This is the ground we assume, and we propose to show that such has been the ruling of the Supreme Court of the United States, and other high authority. Yet the language in the United States Constitution is, that " he shall have power to grant reprieves and pardons for offenses against the United States, except in cases of impeachment." No exclusive words are used to confer *"the sole power"* on him alone; and there is one limit to his power—that is, in case of impeachment. The State Constitution has three limitations instead of one—the pardon shall not be before conviction, nor in impeachment or treason. The language of our Constitution is, that "in all criminal and penal cases, except in those of treason and impeachment, he shall

have power to grant pardons, after conviction, and remit fines and forfeitures, under such rules and regulations as shall be prescribed by law"—*Article 6, section 11, Constitution of 1864*—words no less definite and exclusive than the former, in the United States Constitution, as to the power conferred.

The majority of the court say if Nichols had been indicted before the passage of the act of March, 1867, and had then pleaded the act, and brought his case here, a very different question would have been presented to this court, and that such were the cases in Missouri and Tennessee. In our view, the main question is the same. It is not whether legislative action interferes with causes in court, but whether the Legislature can pardon offenders, and discharge whole classes of individuals who have violated the criminal laws of the State. To attempt to shift the argument upon technicalties of pleading on time, etc., is but playing with the shadow rather than grappling with the reality before the court.

The question is the power of the Legislature to pardon a criminal after he has violated the penal statutes of the State, and became liable to be convicted and executed for such violation of law.

I submit, as my opinion, that the Constitutions of Missouri and Alabama, omitting the words, "after conviction," in the clause conferring the pardoning power upon the executive, in no way affect the question at issue. The Constitution of Tennessee is conceded to be precisely like ours.

In all these Constitutions there is a pardoning power conferred upon the executive, and there is also a clause that no two departments shall exercise the same power. Does this not make it an exclusive power, as so often held in the Supreme Court of the United States? Can the Legislature exercise a power that the Constitution has made executive, even if not declared exclusively so in the particular clause conferring the power?

Before reciting the authorities relied on, I will allude to one point not noticed by the court. This pardon act, of March 1,

1867, was repealed by act of July 23, 1868. If the Legislature of 1867 had power to pass a law of pardon, had not the Legislature of 1868 power to repeal that pardon act? And, when that law was repealed, did not the law remain as if the law of 1867 had never passed? as the pardon law did not attempt to repeal any former law.

Bishop, in his American Criminal law, vol. 1, 216, says: "Where the old law having been repealed, and the Legislature, by subsequent act, authorize proceedings, as by repealing the repealing statute, in every such case, though the right to prosecute should have once lapsed, a conviction may be had."

If this is stronger than the rule with us, may it not apply when the act of 1867 was a mere tender of pardon that had to be accepted, and which could not have been accepted until its repeal?

An offense was committed in Pennsylvania. Under an act of 1827, the Supreme Court of that State said: "In this case the offense was committed before the act of 1832, and the con_viction thereon was had after the act of 1833, and so the offense was not committed, nor was the conviction had, whilst the act of 1832 was in force. The court are all of opinion that the prisoner is liable to an additional punishment under the statute of 1827, " etc. *Commonwealth v. Scott, 21 Pick. 492; and Com. v. Gitchell, 16 Pick. 352.*

If the pardon act was a valid law in 1867, as such law it was repealed in 1868. When Nichols was indicted, in 1869, there was no law of pardon to plead. The act charged was murder, when committed, and murder when the indictment was found; and if the act of 1867 did suspend prosecutions, the case is stronger against the accused than those above referred to. If that act was not an ordinary law, it is an argument against legislative power, and tends to show that that power is exclusively in the executive, where Chief Justice MARSHALL says it has been, time immemorial. But we pass on to elucidate the main question; and our views not being indorsed by the majority of the court, I may be allowed to quote

at some length from the decisions of courts whose judges were abler than myself, and who maturely considered this grave question.

In the case of the *State v. Gloss, 25 Mo. 293,* the Supreme Court of that State say: "The powers of the General Assembly are not unlimited. All the departments of our government are confined in their operations; they have prescribed limits which they cannot transcend. The union of the legislative, executive and judicial functions of government in the same body, as shown by experience, had been productive of such injustice, cruelty and oppression, that the framers of our Constitution, as a safe-guard against those evils, ordained that the powers of government should be divided into three distinct departments, and that no person charged with the exercise of powers, properly belonging to one of these departments, should exercise any of the powers properly belonging to either of the others."

They say, of the pardoning power: "All unite in pronouncing it an executive function. So the framers of our Constitution thought, and accordingly vested the power of pardoning in the chief executive officer of the State." They continue, in speaking of the act, making it the duty of the circuit court judge to dismiss prosecutions commenced under a former law, (the operation of the act is confined to the release of individuals from prosecution,) who stand indicted for offenses: "The justice or propriety of the act has nothing to do with its constitutionality. We are not to presume that the Governor, under suitable circumstances, will not exercise the power with which he has been clothed by the Constitution. He is the sole judge of the propriety of granting a pardon." See, also, *State v. Maberry, 29 Mo. 301.*

In the case of *Haley v. Clark, 26 Ala. 442;* the Supreme Court of Alabama say: "The appellants claim under acts of 1849 and 1850, p. 452, by the first section of which it is enacted that the treasurer of Marion county be, and he is hereby, directed to pay Allen Haley, John M. Frederick, John T. San-

ders and William Warren, the securities of John Douglass, late clerk of the circuit court of Marion county, the sum of five hundred dollars, that being the amount of a fine they have paid for said Douglass, in consequence of said Douglass having failed to comply with the requisitions of the second section of the act of 1854," etc.

"The principal question is, whether this act is unconstitutional. By article 4, section 11, of the Constitution of Alabama, the power to remit fines and forfeitures is given to the Governor; and by the second article, the powers of the government are divided into three distinct departments—the legislative, executive and judicial—and no one of these departments, or person belonging thereto, can exercise any power properly belonging to either of the others, unless expressly directed or permitted by the Constitution. To sustain this position would be to allow one department of the government to trench upon the powers of another, and to defeat the purpose which the Constitution contemplated in confining the pardoning power to one branch of the government, by permitting it to be indirectly exercised by another; the act was void and the judgment correct."

It is urged, as legislative authority, that the Parliament of Great Britain grants pardons. That is true, but that government differs widely from ours. There is no Constitution above Parliament, no power restricting it. Parliament can make laws, determine of their violation, and order them carried into effect. She is not limited to any one function or class of functions of government; and so far as the subjects of that realm are concerned, she does what she wills to do, and she is amenable to no superior; and, unlike a Congress or State Legislature, in this government, who dare not pass constitutional limits.

The Supreme Court of the United States, through Chief Justice Marshall, in the case of the *United States v. Wilson,* 7 *Pet., 159,* says: "The Constitution gives to the President, in general terms, the power to grant reprieves and pardons for offenses against the United States. As this power had been

exercised from time immemorial by the executive of that nation, whose language is our language, and to whose judicial institutions ours bear a close resemblance.  *  *  *  A pardon is an act of grace, *proceeding from the power entrusted with the execution of the laws,* which exempts the individual from the punishment the law inflicts for a crime he has committed."

"It is the private, though official act of the *executive magistrate,* delivered to the individual for whose benefit it is intended," etc.

Judge TANEY, who was then acting as Attorney General, said: " The pardoning power, under the Constitution, is the executive power." See also, *Opinions of United States Attorney Generals, vol. 6, pp. 20, 39 and 488, and vol. 10, p. 455.*

In the case of Garland, *ex parte, 4 Wal., 380,* the Supreme Court say: "The pardoning power of the President is not subject to legislative control. Congress can neither limit the effect of his pardon, nor exclude from its exercise any class of offenders," etc.

Thus, under the clause of the Federal Constitution merely granting the executive the right to pardon, the Supreme Court held that the pardoning power is vested in him, and cannot be limited or controled by Congress.

We are aware that it is urged that Congress has only delegated powers, and is therefore limited strictly to the grant. On the other hand, State Legislatures are limited by their Constitutions providing that they shall not exercise any of the powers belonging to the executive or judicial departments of the government : "No person or collection of persons, being of one department, shall exercise any power belonging to either of the others," and the source is immaterial, so there is a limitation upon legislative action.

Our own Supreme Court, in the case of *Baldwin v. Scoggin, 15 Ark., 432,* through Chief Justice ENGLISH, said : "The framers of our Constitution have intrusted the pardoning power to the Governor," etc. This court did not then seem to think the Legislature shared in that power.

We hold the Legislature can pass rules regulating executive action, just as they regulate proceedings in court, but the power to pardon is in the executive, and in the other case the power of rendering judgments and ordering executions is in the courts, and therefore excluded from the Legislature.

As stated by a majority of the court, the Legislature of Tennessee passed a law, subjecting persons to indictment and fine for retailing liquors. In 1846 the Legislature passed another act allowing persons, upon certain conditions, to retail liquors, and subsequently passed a resolution declaring that no fine or forfeiture or imprisonment should be imposed or recovered, for the offense of retailing under the former act of 1837, and that all causes pending in any of the courts for such offense should be dismissed. The circuit court vacated a judgment that had been published, and the Attorney General appealed, and the Supreme Court of that State said: "The question presented for our consideration is, whether the resolution of the Legislature, passed in 1846, is a constitutional exercise of power, and we think it is not. * * * The question reduced to simplicity is this: Can the Legislature, by resolution, direct that an individual who stands charged with crime in a court of justice, be discharged therefrom? The mere statement of the question, it seems to us, answers it, necessarily, in the negative. The powers of the State of Tennessee are vested in legislative, executive and judicial departments, each separate and distinct from the other, with their power and duties well defined by the Constitution, and by which each is kept within its appropriate sphere of action.

"The Legislature can make the law, but the courts must expound it, and execute it, with the aid of the executive, when his action may become necessary for that purpose.

"The Legislature has no power to interfere with the administration of justice, either civil or criminal, in the courts. A resolution that a criminal or class of criminals shall be discharged by the courts is then necessarily, an assumption of power not warranted. After conviction the Governor may

pardon, but before conviction, the Attorney General and the court are the only power that can discharge without acquittal, and this by *nolle prosequi.* We are, therefore, constrained to hold that the resolution under which these defendants claimed their discharge is void, for want of power in the Legislature to pass it."

These courts give reasons why this legislative power is inhibited, but in each one the judgment goes to the vital question and decides that a Legislature has no power to pass an act of pardon.

A constitution or a law must be construed as a whole, and not by separate clauses, and when the constitution said the executive shall exercise a pardoning power, if it had there stopped we could have agreed, but it further says, in effect, no other department of the State government shall exercise any of the powers exercised by the executive. Then we say the others are excluded. So, in the case of Tucker, *ex parte,* if the Constitution that said justices of the peace shall have jurisdiction in cases of misdemeanors, had in some other clause said, where justices have jurisdiction no other court shall take jurisdiction, then we would have held quite differently.

But it is said, the Legislature here pardoned before conviction and the Governor pardons after conviction. This does not change the proposition. Both are pardoning powers—the Legislature is using a pardoning power, and the Governor a pardoning power—when the Constitution declares, that the same power shall not be exercised by persons belonging to different departments of government, meaning, beyond question, that the powers of the different departments shall not be blended.

Now, it will be seen by an examination of the various cases in Missouri, Tennessee and Alabama, that those courts did not base their decisions upon the question of time, as to when the offense was committed, or whether an indictment or conviction had been had. Some of the circumstances in each case are alluded to in the arguments of the judges, but upon the

main question they move up like men conscious that they are armed with the right, and declare that the Legislature has no power to pass acts of pardon, because, so far as the people have granted that power, it has been conferred upon the executive, and the same function cannot be exercised by two departments of the State government.

It seems to me that these cases are entitled to great weight, especially so, when not a single case has been cited to the contrary. I have carefully searched our voluminous library, to say nothing of the more diligent and efficient examination of the majority of the court, and not one case can be found where any Supreme Court has sustained a law granting pardons by legislative action.

Now, I repeat, if two branches of the State government cannot exercise the same functions, and the Constitution says they shall not, and the pardoning power is a function of government, I cannot see how the executive and Legislature can both pardon; and if the Constitution, in the clause referred to, had said the different departments of the government shall not at the same time exercise the same power, I could see some force of argument in the position of the majority; but it does not so ordain; and, with good authority to the contrary, and none to support what seems to me a misinterpretation of our Constitution, I cannot agree.