## THE STATE V. PIERSON.

1. CRIMINAL LAW; *Carnal knowledge of child under puberty.*
   Twelve years is the age of puberty of a female child, and a party can not be convicted of "carnally knowing a female child under the age of puberty" if she be twelve years old.

2. STATUTES: *Construction of.*
   It is a rule of construction that the common law in force at the time a statute is passed is to be taken into account in construing the statute.

APPEAL from *Yell* Circuit Court.
Hon. G. S. CUNNINGHAM, Circuit Judge.

*Dan. W. Jones*, Attorney General, for appellant.

The indictment is substantially in the language of the statute. (*Mansf. Digest, sec. 1571.*) Our statute does not fix a particular period as the precise time when a female is supposed capable of consenting, as was done by the statute *18 Eliz., sec. 7*, but places it at the *age of puberty;* thus changing the rule of the common law, if indeed any rule establishing a certain age for *puberty* existed at common law. *Charles v. State, 11 Ark., pp. 406, 407.*

COCKRILL, C. J. The appellee was indicted for carnally knowing "a female child of the age of twelve years and under the age of puberty." The court sustained a demurrer to the indictment and the State appealed. The statute upon which the indictment is based prescribes imprisonment in the penitentiary for a term of years for every one convicted of carnally knowing "a female child under the age of puberty." *Mans. Rev. St., sec. 1571.*

It would be sufficient under this statute to charge the offense in the language of the statute. *1 Bish. St. Cr., sec.*

*486.* The indictment, however, has gone a step further and has alleged that the girl upon whom the offense was committed was twelve years of age. Inasmuch as the question of consent or non-consent on the part of the child is immaterial in the consideration of offenses under this statute (*see Charles v. State, 11 Ark., 406*), it becomes necessary to ascertain whether there is a legal conclusion that a girl twelve years of age has arrived at the age of puberty. If so, the judgment of the court is correct.

Puberty, by the common law, for matrimonial purposes, is fixed at twelve years in females. This rule was derived from the civil and canon law, though the latter it seems did not regard the age as conclusive, but permitted the fact of puberty to be proved by actual inspection. The common law, however, preferred to prevent such indecent disclosures as tending to the corruption of public virtue, and so contented itself with the simple inquiry into the age of the party when the question of puberty arose. *1 Bish. Mar. and Div., secs. 144-7; 2 Bish. Cr. L., sec. 1117.*

Twelve years was also taken as the age of consent on the charge of rape, and the reason given, according to Lord Coke and sir Mathew Hale, was because that was her age of consent to marriage, or, as Bishop expresses it, the age of "legal puberty." *1 Hale P. C., 630; 2 Bish. Cr. Law, sec. 1118; 4 Blacks. Com., 212; 1 Russ. Cr., 693.*

The statute of *18 Eliz. C., 7,* made the offense we are considering upon a girl under ten a felony without benefit of clergy, but according to sir Mathew Hale this did not alter the age of consent.

It is a rule of construction that the common law in force at the time a statute is passed is to be taken into account in construing the statute. (*Bish. St. Cr., secs. 5, 6, 88.*) Coke says, "to know what the common law was before the making of the statute is the very lock and key to set open the windows of the statute."

We are unwilling to believe that the Legislature intended to yield to the indecently inquistive disposition of the canon law in the use of the term "puberty" in the statute, and must hold that it was intended in its legal common law acceptation.

Affirm.