THREET v. STATE.

Opinion delivered November 10, 1913.

1. RAPE—SUFFICIENCY OF INDICTMENT.—Carnal knowledge of a female is necessary to constitute rape, and when the female is under sixteen years of age, carnal abuse is included in that offense. (Page 156.)

2. INDICTMENT—COMPETENCY OF GRAND JUROR—CHALLENGE.—An indictment will not be quashed on the ground that accused was confined in jail at the time the grand jury was empaneled, and was not given an opportunity to challenge the competency of any member thereof, when it does not appear that he was prejudiced thereby or denied the benefit of some right secured by Kirby's Digest, § 2220. (Page 156.)

3. CHANGE OF VENUE—FAILURE TO RULE ON MOTION.—Where defendant in a criminal prosecution filed a motion for a change of venue with supporting affidavits, and before the court ruled on the motion, one of the affiants, who was one of defendant's attorneys, requested the withdrawal of the petition. *Held*, the failure of defendant, or his counsel, who was not a party to the withdrawal of the petition, to ask for a ruling on the petition, will be held equivalent to a withdrawal of the petition in defendant's presence. (Page 157.)

4. CRIMINAL LAW—SETTING CASE FOR TRIAL.—Where defendant announced ready for trial when his case was called, no prejudice resulted to him, because the court, in his absence, had set the case for trial. (Page 158.)

5. RAPE—FAILURE OF PROSECUTRIX TO RESIST.—In a trial of defendant for the crime of rape, an instruction is proper, which charges that it is the duty of the prosecutrix to use all means within her power consistent with her safety, to prevent the defendant from accomplishing his designs. (Page 158.)

6. RAPE—SILENCE OF PROSECUTRIX.—In a prosecution for rape, the jury has the right to consider the subsequent silence of the prosecutrix as bearing on the issue of her consent to the act, but it is competent to permit the introduction of evidence by the prosecutrix excusing her silence. (Page 159.)

7. CRIMINAL LAW—PRESUMPTION OF GUILT—FAILURE OF DEFENDANT TO TESTIFY.—In a criminal prosecution, it is error for the trial court to refuse to give an instruction, at defendant's request, on the question of the privilege of defendant to testify or not, and the presumption arising therefrom. Kirby's Digest, § 3088. (Page 160.)

8. CRIMINAL LAW—ERRONEOUS JUDGMENT—LESSER OFFENSE—ELECTION.—Where defendant was erroneously convicted of the crime of rape, but the undisputed evidence showed him to be guilty of the crime of carnal abuse, the cause will be reversed and remanded, unless the State elects to bring the defendant into court, and to be there sentenced for the crime of carnal abuse. (Page 161.)

Appeal from Faulkner Circuit Court; *Eugene Lankford,* Judge; reversed.

*Appellant, pro se.*

1. The indictment should have been quashed on defendant's motion. Kirby's Dig., § 2220; 12 Ark. 636; 69 Ark. 190.

It should have been dismissed because of misjoinder of offenses. Kirby's Dig., §§ 2230, 2231; 32 Ark. 203; 33 Ark. 177; 36 Ark. 55.

2. The court erred, both in the setting of the case for trial in the absence of the defendant, and in permitting his motion for change of venue to be withdrawn at a time when he was not present. Kirby's Dig., § 2339; Const. Ark., art. 2, § 10; 5 Ark. 431; 10 Ark. 325; 58 Ark. 239; 24 Ark. 620; 146 U. S. 374; 28 Am. Dec. 629; 110 U. S. 524; 85 Wis. 400; 99 Va. 816; 44 Ark. 331; 93 Miss. 774; Bishop's New Crim. Proc., § 273.

3. The court erred in not giving instruction No. 2 in the form requested by appellant. The modification thereof by adding the words, "consistent with her safety," presupposes that there was impending danger, a state of facts not proven. There was no evidence whatever of any threats having been made, until after the intercourse had taken place. As to the modification the instruction was abstract. 63 Ark. 177; 69 Ark. 130; 65 Ark. 222; 71 Ark. 351; 76 Ark. 348; 62 Ark. 559; 73 Ark. 407; 102 Ala. 130; 33 Cyc. 1502.

4. The court erred in refusing to instruct the jury, at appellant's request, in effect, that they might consider the failure of the prosecuting witness to make known to her parents or friends, or to the officers of the law, the alleged intercourse, along with all other facts and circumstances in proof, in determining whether or not the intercourse was against her will. 104 N. Y. 481; 10 N. E. 880; 33 Tex. Cr. 472; 26 S. W. 987; 107 Mo. 147; 17 S. W. 666; 92 Ark. 73; 66 Ark. 523; 23 Am. & Eng. Enc. of L. (2 ed.), 862, 863; *Id.* 860, 861; 135 Cal. 133; 91 Mo. 410; 42 Mich. 262; Wigmore on Ev., § § 199, 200; 2 Bishop's Crim. Proc., 965; Wharton, Crim. Law, § 568.

5. Under the statute, the failure of a person charged with a crime to testify, creates no presumption against him, and it was reversible error to refuse to so charge the jury. Kirby's Dig., § 3038; 144 Mich. 17; 89 Ark. 401, 402; 9 Am. & Eng. Ann. Cases 648; 34 Mont. 12; 76 O. St. 537; 96 Ia. 426; 65 N. W. 387; 26 Tex. App. 465; 13 S. W. 750.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1. The motion to quash did not allege that any members of the grand jury were prosecutors of, or complaining against, appellant, or summoned or bound over in recognizance as witnesses in the case. It was properly overruled. Kirby's Dig., § 2220; 79 Ark. 127-130.

The court also correctly overruled the motion to dismiss for misjoinder of offenses. The female was under sixteen years of age. 76 Ark. 267-269.

2. No prejudice resulted to appellant in setting the case in his absence. The record affirmatively shows a withdrawal of the motion for change of venue by appellant's attorney, and that thereupon the cause was set for trial on the third day thereafter. The record will control. 108 Ark. 191; *Id.* 208; 46 Ark. 41; 49 Ark. 176; 45 Ark. 165.

3. No error in the instructions. As to the modification of appellant's instruction No. 2, there was sufficient evidence in the record to justify the addition of the words, "consistent with her safety." There was no prejudice resulting from the refusal to give instruction No. 8, since the record shows that the prosecuting attorney was not permitted to refer to appellant's failure to testify.

SMITH, J. The appellant was indicted for the crime of rape, convicted and sentenced to death, and has appealed from that judgment. The allegations of the indictment are as follows:

"State of Arkansas,

     v.

"Robert Threet.

       "Faulkner County Circuit Court.

"The grand jury of Faulkner County, in the name and by the authority of the State of Arkansas, accuse Robert Threet of the crime of rape, committed as follows:

"The said Robert Threet, in the county and State aforesaid, on the 1st day of March, A. D. 1913, in and upon one Gertie Hollingshead, a female under the age of sixteen years, forcibly, violently and feloniously, did rape and assault her, the said Gertie Hollingshead, then

and there violently, forcibly and against her will, feloniously did ravish and carnally know.

"Against the peace and dignity of the State of Arkansas.

"J. B. Read, Prosecuting Attorney."

Appellant moved to quash the indictment because, under its allegations, he was charged with both the crime of rape and carnal abuse. The indictment sufficiently charges the crime of rape, and where it is alleged the female is under the age of sixteen years, the crime of carnal abuse is included in the charge. A similar indictment was approved in the case of *Henson* v. *State*, 76 Ark. 267, where it was said: "Carnal knowledge of a female is necessary to constitute rape; and when the female is under sixteen years of age, carnal abuse is included in that offense."

Appellant also moved to quash the indictment because certain members of the grand jury were specially interested in the prosecution against him, and at the time of his indictment, he was confined in the county jail of Faulkner County, and afforded no opportunity to challenge such persons from serving on the grand jury in the investigation of his case. No attempt was made to prove this allegation, and the mere fact that appellant was not afforded the opportunity to challenge grand jurors is not ground for reversal, when it does not appear that he was denied the benefit of some right secured by section 2220, Kirby's Digest, which gives every person held to answer a criminal charge the right to object to the competency of any one summoned to serve as a grand juror on the ground that, "he is the prosecutor or complainant upon any charge against such person, or that he is a witness on the part of the prosecution, and has been summoned or bound in a recognizance as such; and, if such objection be established, the person so challenged shall be set aside." *Sullins* v. *State*, 79 Ark. 127; *Eastling* v. *State*, 69 Ark. 189.

A reversal of the case is also sought because of the failure of the court to grant appellant a change of venue,

and because, also, of the fact that the court set the cause
for trial in the defendant's absence. An examination of
the record discloses the following facts. Appellant filed
a petition for a change of venue in proper form, alleging
that he could not obtain a fair trial in Faulkner County
because of the prejudice of the inhabitants of that county
against him. This petition was supported by the affi-
davits of George Shaw and George W. Clark, appellant's
attorneys, and two other citizens of that county. These
affiants all testified in court, and after setting out their
evidence, the record contains the following recital:

"About thirty minutes after the above testimony
was heard, George Shaw, one of the attorneys for the de-
fendant, appeared before the court and stated that he
had talked with the mother of the defendant, who had
talked with some of her white friends, and she was now
of the opinion that the defendant would get better treat-
ment in Faulkner County than anywhere else, and he
(Shaw) stated they wished to withdraw the petition for
a change of venue, which was granted."

The trial judge thereupon made a notation on his
docket, showing the withdrawal of this motion, and at
the same time ordered the case set down for trial on a
certain day. After the trial, which resulted in appel-
lant's conviction, he filed an affidavit in which he stated
that his petition for a change of venue was withdrawn by
one of his attorneys in his absence, and in the absence of
the other attorney, and that he was not aware of this
action until after the trial. The attorney who had with-
drawn the petition, also filed an affidavit in which he
stated that he had acted without the consent of defend-
ant, or the other attorney, and in their absence, and this
action was taken because of information he had received
that appellant would be lynched if he was removed from
the Faulkner County jail. It is not contended that the
court was advised of this want of authority, nor of the
motive which prompted counsel's action. But upon the
day set for trial, all parties announced ready, and the
trial proceeded. The court was not asked to make a rul-

ing upon the petition for a change of venue, and no request was made for additional time to prepare for trial. Under the circumstances, the failure of appellant or his counsel who was not a party to the withdrawal of this petition, to ask a ruling on the petition for a change of venue must be held equivalent to a withdrawal of the petition. And, notwithstanding the cause should not have been set for trial in appellant's absence, no prejudice resulted from that fact, as additional time was not asked, and a trial might be had without any setting of a case. We conclude, therefore, that no error was committed in the court's failure to act upon the petition for a change of venue, nor in setting the case for trial in defendant's absence.

Appellant was a negro man, and Gertie Hollingshead, the girl alleged to have been assaulted, was only fifteen years old, and there appears to have been no question as to the fact that appellant had had sexual intercourse with her. But while the girl testified that she did not consent, but that she was put in fear and offered all the resistance she dared to offer, she also testified to facts which tended to discredit that statement. The story told by the girl is, that the assault occurred at the home of a negress named Louvidia Sims, in the town of Conway, and that there were a number of houses near this house, and that among others who lived near, was the city marshal and the constable. That the negress took her by one arm, and the appellant by the other, and led her to a bed where she was assaulted, and that the negress was in the house laughing during its commission. That this occurred about 8 o'clock in the morning, and after washing the blood from her clothes, she went to school, where she remained during the day, and no one knew that anything had happened to her. She also admitted that she had subsequently voluntarily met appellant at the same place, and had sexual intercourse with him, and further admitted that she had had intercourse with a number of men, both white and black, at Louvidia's house, and that Louvidia had kept the money

which these men had paid her, but had promised to buy her some fine dresses, but had failed to do so. She admitted that the intercourse in each instance was had with her permission, except on the occasion when the appellant first had intercourse with her, and on another occasion when a negro who had no hands had intercourse with her forcibly and against her will. It appears that the girl made no disclosure of what had happened, until it was discovered that she was meeting men at Louvidia's place, about sixty days after the commission of the alleged assault.

At the trial, appellant asked the following instruction:

"You are instructed that it was the duty of Gertie Hollingshead to use all means within her power to prevent the defendant from accomplishing his designs, when said alleged assault was made upon her, and you are further instructed that it was also her duty to give alarm and make an outcry when she first learned of the defendant's designs to have sexual intercourse with her, and it is your sworn duty in this case to consider her failure to make such outcry at the time said alleged assault was made upon her by the defendant in this case, together with all the other facts and circumstances proven in this case."

The court gave this instruction, but added after the words, "to use all the means within her power," the words "consistent with her safety." Appellant complains of this modification, but we think it was proper. If she failed to resist, or to make outcry, because she feared for her safety, the crime was against her will, and was rape. But this instruction related to the question of outcry at the time of the commission of the offense, and appellant asked a number of instructions on the question of subsequent silence. These instructions were to the effect that, in considering the question whether the intercourse was against the will of the said Gertie Hollingshead, or with her consent, the jury had the right to consider her failure to make known to her parents, or

other persons, the wrong done her, and that the jury might also consider her subsequent conduct in connection with all the other facts and circumstances in proof. None of these instructions were given. The court had properly permitted the girl to explain that she had not told of the assault, because appellant had said at that time that he would kill her if she told; and if the jury believed the statement, it would excuse the silence. But when there is a question, as to whether consent was given, the defendant has the right to have the jury told that they may consider the female's subsequent silence and conduct as bearing on that question. The identical question was so decided in the case of *Jackson* v. *State,* 92 Ark. 71.

Appellant asked the court to give instruction No. 8, which reads as follows:

"You are instructed that it is the privilege of the defendant to either testify in his own behalf, or decline to so testify. The failure to testify is neither an evidence of his guilt, or a presumption of law or fact of his guilt. Such fact is not to be considered by you in determining his guilt or innocence in this case."

The court refused to give this instruction, and appellant saved his exceptions. This instruction embodies substantially the provisions of section 3088, of Kirby's Digest, which makes any person charged with the commission of crime a competent witness at his own request, and not otherwise, and provides, that his failure to make such request shall not create any presumption against him.

This same question arose in the case of *People* v. *Provost,* 144 Mich. 17, in which case a similar instruction was asked, based upon a statute of that State substantially the same as our own. The authorities were there reviewed, and the court announced its conclusions as follows:

"1. It is not error for the court, on its own motion, to give such a charge as was requested in this case.

"2. That the court is not required to give such a charge, in the absence of a request so to do.

"3. That where such a request to charge has been made, it is error to refuse to give it."

And it was there said: "Where such request to charge has been made, we find no authority warranting its refusal. The contention of respondent in this case is founded both upon reason and authority. A respondent is protected in his right under the statute to elect not to testify. A jury, upon his request, should be informed of that right, to prevent the creation in their minds of any presumption of guilt by reason of his silence. The court was in error in refusing to give the request as presented."

For the errors indicated, the judgment must be reversed; but as the jury has found by its verdict that appellant did have sexual intercourse with Gertie Hollingshead, and as it is undisputed that she was at the time under the age of sixteen years, and that the appellant is therefore in any event guilty of the crime of carnal abuse, the State may elect, if it sees proper so to do, to have the defendant brought into the court below to be there sentenced for that crime. Unless such election shall be made in fifteen days, the cause will be remanded for a new trial.