GURLEY *v.* STATE.

Opinion delivered September 30, 1929.

*J. O. A. Bush* and *Dexter Bush,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

McHANEY, J. Appellant was indicted in one indictment charging him with the crime of embezzlement and grand larceny. On a trial he was acquitted on the charge of grand larceny, convicted on the charge of embezzlement, and sentenced to one year in the penitentiary. The embezzlement charge in the indictment reads as follows:

"The said defendant, on the 27th day of November, 1928, in Miller County, Arkansas, then and there being

1150

over the age of sixteen years, and being the agent of one H. W. Batte, and having in his possession as such agent as aforesaid $400, the proceeds of the sale of five bales of cotton, the property of the said H. W. Batte, and said $400 being in gold, silver and paper money of the United States, the exact denominations of each particular kind of money being to the grand jury unknown, and of the value of $400, did unlawfully and feloniously and fraudulently make way with, embezzle and convert to his own use said money as aforesaid, against the peace and dignity of the state of Arkansas.''

To this charge in the indictment a demurrer was interposed, on the ground that it did not charge an offense, for the reason that it failed to allege that he embezzled or converted the money ''without the consent of his master or employer.'' The statute under which he was indicted is 2500, C. & M. Digest, which, stripped of unnecessary verbiage, reads as follows: ''If any * * * agent of any private person * * * shall embezzle or convert to his own use, * * * *without the consent of his master or employer,* any money, * * * which shall have come into his possession, or under his care or custody, by virtue of such * * * agency, * * * he shall be deemed guilty of larceny, and on conviction shall be punished as in case of larceny.'' It will be noticed that the indictment omits to charge that he embezzled or converted the money ''without the consent of his master or employer.''

It is said that the court committed reversible error in overruling this demurrer and also a like motion in arrest of judgment. It will be noticed, however, that the indictment does charge that appellant ''did unlawfully and feloniously make way with, embezzle and convert to his own use said money.'' These words in the indictment are sufficient to cover the language of the statute, ''without the consent of his master or employer.'' For, if it had been done with the consent of his master or employer, the taking could not have been unlawful, feloni-

ous, and fraudulent. In *Beard* v. *State,* 79 Ark. 293, 95 S. W. 995, 97 S. W. 667, 9 Ann. Cas. 409, the court had under consideration an indictment for rape which omitted to charge, in the language of the statute, that the crime was committed "forcibly and against her will." And it was held that the indictment was good, when questioned for the first time on appeal, for the reason that the other language in the indictment necessarily charged that the act was committed against the will of the female. In *State* v. *Peyton,* 93 Ark. 406, 125 S. W. 416, 137 Am. St. Rep. 93, it was held directly that an indictment for rape was good on demurrer which charged that the accused did "unlawfully" and "forcibly ravish and carnally know," although it failed to charge that the act was done against her will. Moreover, the word "embezzle" as used in the indictment has a technical and well-defined meaning. Webster defines it: "To appropriate fraudulently to one's own use, as property intrusted to one's care; to apply to one's private uses by a breach of trust; as, to *embezzle* money held in trust." See also definitions in Words and Phrases, Vol. 2, 2d Series, p. 251; *Teston* v. *State* (Fla.), 39 So. 787. Under § 3014, C. & M. Digest, "no indictment is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits." In the 3d paragraph of § 3013 it is said to be sufficient if "the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment on conviction, according to the rights of the case." We are therefore of the opinion that the indictment in this case is sufficient, although it omitted those words of the statute.

Neither is there any merit in appellant's argument that the court should have instructed the jury to acquit appellant for the reason that the indictment alleged that he was over the age of sixteen years. While no witness testified as to the exact age of appellant, one witness did

testify that he had known him since he was first elected sheriff. This was sufficient to show that he was over sixteen years of age, and, while appellant did not testify, he was present in the court room during the trial, and the jury were able to observe whether or not he was a person over the age of sixteen years.

The most serious question in the case, and the one that has given us much concern, is whether the facts as disclosed by the evidence establish the crime of embezzlement. Mr. Batte testified that he sold appellant six bales of cotton at 20 cents per pound, gin weight, at Fouke, in Miller County, Arkansas; that appellant was to take the cotton to town, meaning Texarkana, we assume, to sell it; that he asked appellant to deposit $500 to the witness' credit in the State National Bank and bring him the remainder; that he turned the cotton over to appellant; that he reported later he had sold the cotton, brought him a deposit slip showing him a deposit of $500 in the bank, and paid him the difference in cash. He later learned that appellant had deposited only $100 in the bank, and that the duplicate deposit slip which had been delivered to him by appellant had been raised from $100 to $500. He then demanded that appellant make good the difference, which he attempted to do by giving him a worthless check for $400.

If the relation of debtor and creditor existed between them, if Batte sold appellant his cotton and appellant agreed to pay him therefor, when he sold it, by depositing $500 in the bank to Batte's credit and paying the difference in cash, no question of agency being involved, certainly the crime of embezzlement was not established. A majority of the court is of the opinion, however, that appellant was the agent of Batte to deposit the money in the bank, or that, under the facts, it was a question to be submitted to the jury, which the court did by telling them, in instruction No. 7, that they could not convict appellant unless they found from the evidence, beyond a reasonable doubt, that appellant was the agent

of Batte in having the cotton sold and receiving the money therefor.

Mr. Justice BUTLER and the writer of this opinion do not agree with the majority on this point, but are of the opinion that the evidence establishes merely the relation of debtor and creditor between them.

Judgment affirmed.