SAMMY CLARK v. STATE OF ARKANSAS

5-5399                                     440 S.W. 2d 205

Opinion Delivered May 12, 1969

---

*Griffin Smith* and *Robert Shults* for appellant.

*Joe Purcell,* Atty. Gen. and *Don Langston,* Asst. Atty. Gen. for appellee.

George Rose Smith, Justice.   This is the second appeal in this case.   Clark was charged with having raped his nine-year-old stepdaughter.   At the first trial he was found guilty and sentenced to life imprisonment.

We reversed that judgment for two errors, one of which was the trial court's refusal to give a requested instruction submitting to the jury the offense of carnal abuse, which under the testimony was a lesser offense included in the charge of rape.   The court had submitted only the offense of rape, which was defined for the jury as the carnal knowledge of a female, forcibly and against her will.   In reversing the judgment we held that if the child consented to the act the offense would be carnal abuse rather than rape.   *Clark* v. *State,* 244 Ark. 772, 427 S.W. 2d 172 (1968).   That holding is now the law of the case and controls subsequent proceedings. *Mode* v. *State,* 234 Ark. 46, 350 S.W. 2d 675 (1961), cert. den. 370 U.S. 909 (1962).

At the second trial the testimony was substantially the same as it had been at the first one. We summarized the proof in our first opinion and need not set it forth a second time. The jury again found the accused guilty of rape and again fixed his punishment at life imprisonment.

For reversal counsel for the appellant insist that at the second trial the court erred in including in its instructions to the jury the substance of a new statute, covering the offenses of rape and carnal abuse, that was not enacted until after the offense on trial was assertedly committed in 1966. Act 362 of 1967; Ark. Stat. Ann. §§ 41-3401 and -3403 (Supp. 1967). The new statute subdivided the offense of rape (including carnal abuse) into three degrees, which were defined and made the subject of appropriate graduated punishment. The earlier statutes (§§ 41-3401 and -3406) were expressly repealed, but they may be treated as remaining in force with respect to offenses already committed. See Ark. Stat. Ann. § 1-103 (Repl. 1956).

In the language of the new statute, as it might apply to this case, the trial court gave this instruction defining the three degrees of rape and declaring the permissible punishment for each degree:

> The defendant in this case is charged with the crime of Rape in the First Degree. A male is guilty of Rape in the First Degree when he engages in sexual intercourse with a female who is less than 11 years of age. Any male upon conviction of First Degree Rape shall be imprisoned in the State Penitentiary from 30 years to life.
>
> A male is guilty of Rape in the Second Degree when he, being 18 years old or more, engages in sexual intercourse with a female less than 14 years of age. Any male found guilty of Second Degree Rape shall be imprisoned in the State Penitentiary for not less than three nor more than 21 years.

A male is guilty of Rape in the Third Degree when he engages in sexual intercourse with a female or carnally abuses a female who is less than 16 years old. Any male who shall be convicted of Rape in the Third Degree shall be imprisoned in the State Penitentiary for not less than one year nor more than ten years.

We agree with the appellant's insistence that the foregoing definition of first degree rape was, under the doctrine of the law of the case, more unfavorable to the accused than it should have been. On the first appeal we held that if the nine-year-old prosecutrix consented to the act of intercourse, the offense would be carnal abuse only, which was then punishable by imprisonment for from one to 21 years. But under the trial court's definition of first degree rape the question of consent was absolutely immaterial. With respect to first degree rape the only issue for the jury was whether the accused had engaged in sexual intercourse with a female less than 11 years of age, with or without her consent. According to the undisputed evidence the prosecutrix was only nine years old on the date of the offense. The action of the jury in fixing the punishment at life imprisonment shows that the error may have been prejudicial.

The error, however, does not automatically entitle the appellant to a new trial. By its verdict the jury found that the accused had in fact had intercourse with his nine-year-old stepdaughter. Under our opinion on the first appeal he was therefore guilty of carnal abuse, whether or not the prosecutrix consented to the act. It will be seen by comparing the new statute with the old one that the definition of third degree rape is precisely the same as the former definition of carnal abuse. The only difference is that the legislature has reduced the punishment to a maximum of ten years imprisonment, which of course it may do even after the commission of

the offense.    *State* v. *Nichols,* 26 Ark. 74, 7 Am. Rep. 600 (1870).

Thus the trial court's error had no bearing upon the jury's determination of guilt or innocence.    It affected only the extent of the punishment to be imposed. In that situation we have a choice among several corrective measures.    We may, depending upon the facts, reduce the punishment to the maximum for the lesser offense, reduce it to the minimum for the lesser offense, fix it ourselves at some intermediate point, remand the case to the trial court for the assessment of the penalty, or grant a new trial either absolutely or conditionally. Several of the cases were discussed in *Bailey* v. *State,* 206 Ark. 121, 173 S.W. 2d 1010 (1943).

Here we think it best to follow the course that we adopted, upon essentially similar facts, in *Threet* v. *State,* 110 Ark. 152, 161 S.W. 139 (1913), where we said:

> For the errors indicated the judgment must be reversed; but as the jury has found by its verdict that appellant did have sexual intercourse with Gertie Hollingshead, and as it is undisputed that she was at the time under the age of sixteen years, and that the appellant is therefore guilty of the crime of carnal abuse, the State may elect, if it sees proper to do so, to have the defendant brought into the court below to be there sentenced for that crime. Unless such election shall be made in fifteen days, the cause will be remanded for a new trial.

That disposition of the case enables us to take advantage of the trial judge's superior knowledge in fixing an appropriate punishment—in this instance between one and ten years imprisonment.

Reversed.

FOGLEMAN, J., concurs.

JOHN A. FOGLEMAN, Justice.   I concur in the result reached in the majority opinion on the basis of my understanding of the disposition being made.   As I understand the majority opinion, the court is remanding the case with the state having the option of asking the trial court to sentence Clark upon a charge of carnal abuse, or of having a new trial on the charge of rape with the court giving the instruction on rape given at the first trial and the instruction on carnal abuse as requested.   The only prejudice I can see in the court's instruction to the jury on the second trial is that it permitted the jury to find appellant guilty of rape if they believed that the child was over 10 and less than 11 years of age and consented to the act of intercourse.   Under the law as it existed prior to the effective date of Act 362 of 1967, sexual intercourse with a female under 10 years of age would have constituted the crime of rape because she is incapable of giving consent, as a matter of law, and it would be presumed that a female under 12 but over 10 years of age was incapable of consenting, unless the proof showed that she understood the nature of the act and was capable of consenting thereto.   State v. Pierson, 44 Ark. 265; Coates v. State, 50 Ark. 330, 7 S.W. 304. See also Warner v. State, 54 Ark. 660, 17 S.W. 6; Hammons v. State, 73 Ark. 495, 84 S.W. 718; Rose v. State, 122 Ark. 509, 184 S.W. 60.

I do not consider that because the victim testified that she was 9 years of age, the "law of the case" limits the crime of which appellant can be found guilty to carnal abuse.   His plea of not guilty put in issue the credibility of the state's evidence, even if otherwise uncontradicted, because the presumption of innocence compels a determination of guilt by a jury.   Underhill's Criminal Evidence, 5th Ed. 1384, § 553.   Otherwise, the court could direct a verdict in criminal cases.   See Manning v. State, 145 S.W. 938 (Tex. 1912).   In a prosecution for rape of a child, the child's age is a question of fact.

*Young* v. *State,* 144 Ark. 71, 221 S.W. 478; *Hedrick* v. *State,* 170 Ark. 1193, 279 S.W. 785; *State* v. *Sutton,* 230 N.C. 244, 52 S.E. 2d 921 (1949) Age may be proved in many different ways such as direct testimony, records and inscriptions, hearsay, opinion and observation, inspection of the person, and his appearance to the jury. *Terry Dairy Co.* v. *Nalley,* 146 Ark. 448, 225 S.W. 887. See also *Young* v. *State, supra;* Abbott on Facts, Ch. XIV, p. 164; *Gurley* v. *State,* 179 Ark. 1149, 20 S.W. 2d 886, *State* v. *Baugh,* 323 S.W. 2d 685 (Mo. 1959). In determining the question of fact as to age and consent, the jury, in a criminal case, is not required to accept or reject any testimony. *King* v. *State,* 117 Ark. 82, 173 S.W. 852; *Smith* v. *State,* 216 Ark. 1, 223 S.W. 2d 1011; *Freeman* v. *State,* 174 Ark. 1035, 298 S.W. 333. See also *People* v. *Johns,* 173 Cal. App. 2d 38, 343 P. 2d 92 (1959).