Ms. Barbara Webb, Prosecuting Attorney Twenty-Second Judicial District 102 South Main Street Benton, AR 72015
Dear Ms. Webb:
You have presented the following question for my opinion:
 Are persons who committed the offense of residential burglary prior to August 13, 2001, and who are sentenced to imprisonment after that date, eligible to serve their sentences of imprisonment in a regional correctional facility?
RESPONSE
It is my opinion that such persons will not be deemed eligible to serve their sentences of imprisonment in a regional correctional facility.
As you note in your correspondence, this issue is affected by Act 1255 of 2001. That Act amended A.C.A. § 16-93-1202 to expand the list of target groups who are eligible to serve their sentences in regional correctional facilities. The Act added to the list of target groups persons who commit the offense of residential burglary. Act 1255 did not include an emergency clause, and therefore became effective on August 13, 2001. See
Op. Att'y Gen. No. 2001-138. A question thus arises as to the applicability of the alternative sentencing laws to offenders who committed residential burglary prior to August 13, 2001, but who are sentenced after that date.
This scenario raises the issue of the retroactive application of sentencing legislation. In a long line of cases, the Arkansas Supreme Court has held that the sentencing law that is in effect at the time the offense was committed will control — even if an amendatory act has reduced the punishment for that offense. See, e.g., Edwards v. State, CR 00-1452, ___ S.W.3d ___ (January 10, 2002); State v. Ross, 344 Ark. 364,39 S.W.3d 789 (2001); Elders v. State, 321 Ark. 60, 900 S.W.2d 170
(1995); State v. Murphy, 315 Ark. 68, 864 S.W.2d 842 (1993). With regard to this issue, the court stated in Elders, supra: "We view our law in this area as being absolutely clear." Id. at 61.[1] In these cases, the court has relied upon the well-established principle that legislation is presumed to apply only prospectively, unless it contains language clearly indicating the intent that it apply retrospectively.[2]
Because Act 1255 of 2001 contains no statement of a legislative intent that it be applied retroactively to include residential burglary offenders, I must conclude that such offenders whose crimes were committed before the effective date of the Act, but who are sentenced after that date, are not eligible to serve their sentences in a regional correctional facility. Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] In the past, the court took the opposite approach, holding that if the sentencing laws were amended to reduce punishment between the date of the crime and the date of sentencing, the reduced punishment should be imposed. See Clark v. State, 246 Ark. 876, 440 S.W.2d 205 (1969). However, in State v. Townsend, 314 Ark. 427, 863 S.W.2d 288 (1993), the court acknowledged that the Criminal Code, enacted in 1975, had supplanted the common law on this issue, and overruled the principle enunciated in Clark. Thus, the court concluded, sentencing must be in accord with the law in effect at the time of the crime.
[2] Courts, however, have upheld the retroactive application of procedural or remedial (as opposed to substantive) legislation, in the face of an ex post facto challenge, even in the absence of an express legislative intent to do so. See, e.g., California Dept. of Correctionsv. Morales, 514 U.S. 499 (1995); Collins v. Youngblood, 497 U.S. 37
(1990); Dobbert v. Florida, 432 U.S. 282 (1977); Suggs v. State,322 Ark. 40, 907 S.W.2d 124 (1995); Bowen v. State, 322 Ark. 483,911 S.W.2d 555 (1995). The Arkansas Supreme Court has applied this procedural/substantive distinction in civil cases, so as to allow the retroactive application of legislation. See, e.g., Aka v. JeffersonHospital Assoc., 344 Ark. 627, 42 S.W.3d 508 (2001); Bean, supra; City ofOzark v. Nichols, 56 Ark. App. 85, 937 S.W.2d 686 (1997); Forrest CityMach. Works v. Aderhold, 273 Ark. 33, 616 S.W.2d 720 (1981). However, the Arkansas Supreme Court has not engaged in this distinction with regard to sentencing laws, other than in the context of the ex post facto issue.